[No. 12305. In Bank. — December 29, 1887.]

## A. G. GASSEN ET AL., APPELLANTS, *v.* E. W. HENDRICK, ADMINISTRATOR, ETC., OF CECILIA CARR, DECEASED ET AL., RESPONDENTS.

DEED — CONSIDERATION — PRE-EXISTING INDEBTEDNESS. — A conveyance in consideration of the cancellation of a pre-existing indebtedness is a conveyance for a valuable consideration, within the meaning of section 1214 of the Civil Code.

ID. — NOTICE OF PRIOR DEED — FINDING — EVIDENCE. — The evidence tending to establish that the grantee under whom the defendants claim had no notice of the prior deed of the plaintiffs, *held,* sufficient to justify the finding that such grantee was a *bona fide* purchaser of the premises in controversy.

EVIDENCE — DEPOSITION — FAILURE TO ANSWER INTERROGATORY — OBJECTION MUST BE SPECIFIC. — An objection to the admission in evidence of a deposition, on the grounds that the witness had neglected to answer certain interrogatories put by the party objecting, and that the deposition was not complete or responsive, in order to be available, must call the attention of the court to the particular interrogatories which the witness had refused to answer, or the answer to which was evasive or not fully responsive.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The action was brought for the partition of certain lands, to an undivided part of which the plaintiffs claim title under a deed from Clarence L. Carr to Thomas H. Bush, dated on the 3d of June, 1871, and recorded on the 8th of July, 1885. The defendants claim title to the whole of said land under a deed from Clarence L. Carr to Elizabeth R. Carr, dated on the 10th of August, 1878, and recorded on the 15th of the same month. The court found that Elizabeth R. Carr was a *bona fide* purchaser of the land for a valuable consideration, and without notice of the prior deed to Bush, and accordingly rendered judgment for the defendants. The plaintiffs moved for a new trial, which was denied. The further facts are stated in the opinion of the court.

*J. R. Jones, Jones & Van Dyke,* and *Levi Chase,* for Appellants.

*N. H. Conklin,* and *Hendrick & Younkin,* for Respondents.

McKINSTRY, J.—On the third day of June, 1871, Clarence L. Carr made a deed to Thomas H. Bush of one undivided half of a certain twenty-acre tract of land. The deed was not recorded until the eighth day of July, 1885.

On the tenth day of August, 1878, the said Clarence L. Carr signed a deed of the whole tract, with other lands, to Elizabeth R. Carr, his mother, for the recited consideration of eight hundred dollars. This last deed was acknowledged and was duly recorded August 15, 1878.

It is contended by appellants: 1. That, as the deed to Elizabeth R. Carr was in consideration of a pre-existing indebtedness, she was not a purchaser for a valuable con-

sideration; 2. That it was not made to appear by those claiming under Elizabeth R. Carr that she was a purchaser "in good faith"; 3. That the deed from Clarence L. to Elizabeth was not proved to have been delivered.

1. A conveyance in consideration of the cancellation of pre-existing indebtedness is a conveyance for a valuable consideration within the meaning of section 1214 of the Civil Code. (*Frey* v. *Clifford*, 44 Cal. 335; *Schluter* v. *Harvey*, 65 Cal. 158.)

2. Even if it be conceded (for the purpose of this decision) that the burden of proving *prima facie* the negative,— that she or they had no notice of the prior deed to Bush,— was on those claiming under Elizabeth R. Carr, still there was evidence of facts tending to establish that she had no notice, which, in the absence of direct evidence of notice, was sufficient to justify the finding of the court that she was a purchaser in good faith.

3. The court below found that the deed from Clarence L. to Elizabeth R. Carr was executed on the day it bears date. The statement on motion for a new trial contains no specification that the evidence is insufficient to sustain the finding of the execution or delivery of the deed.

The plaintiffs (appellants) objected generally to the reading in evidence of the deposition of Alice E. Carr, on the ground " that the witness has refused to answer the interrogatories put on behalf of the plaintiff herein, and concerning material matter affecting the rights of the parties to this suit, and that the deposition is not full or complete, or responsive to the question put to the witness by plaintiffs in the commission upon which the evidence was taken." And upon like grounds the plaintiffs subsequently moved to strike out the deposition.

It is insisted that the deposition should have been stricken out, and not considered by the court.

The objection was to the whole deposition, on the ground that the witness had refused to answer the inter-

rogatories put to her on behalf of the plaintiffs. The deposition shows that all the interrogatories of plaintiffs were directly and fully answered by the witness, unless the answer to cross-interrogatory No. 27 is an exception.

The objection to the deposition was too general. In *Valton* v. *National F. L. A. Co.*, 20 N. Y. 34, the court of appeals said: "The objection of defendant's counsel to the introduction of the deposition was properly overruled. The ground of objection was that the first and ninth cross-interrogatories were answered only in part. These interrogatories each embraced a large number of questions, and there was an answer given to each of the interrogatories, although some questions contained in each were not answered. The objection was too general. The counsel should, under such circumstances, call the attention of the judge to the particular question unanswered, and make his exception equally specific. It is not the duty of a judge, upon the trial of an issue, to examine an interrogatory containing a great number of questions, for the purpose of learning every question embraced in it, and then to examine the answer to the interrogatory to ascertain whether each question is fully answered. As well might a general objection be taken to a deposition upon the ground that all the interrogatories were not answered, without specifying any one."

In the case before us the objection extended to the interrogatories of plaintiffs, and concerning material matter, etc. It was the right of the judge below to have his attention called to the particular interrogatory which the witness had "refused to answer," or her answer to which was evasive or not fully responsive.

Judgment and order affirmed.

SEARLS, C. J., McFARLAND, J., TEMPLE, J., THORNTON, J., SHARPSTEIN, J., and PATERSON, J., concurred.