[L. A. No. 9476. In Bank.—May 27, 1929.]

FRED W. LAKE et al., Plaintiffs and Appellants, v. MERVYN R. DOWD et al., Defendants and Appellants.

Fred W. Lake, *in pro. per.*, and Henry C. McPike for Plaintiffs and Appellants.

Charles Reagh for Defendants and Appellants.

THE COURT.—The judgment in department was set aside and the hearing in bank ordered to the end that the questions involved might be given further consideration. Upon such further consideration we are satisfied with the opinion in department prepared by Mr. Justice Preston and adopt the same as the opinion of the court in bank. It is as follows:

"By stipulation cross-appeals are submitted on one bill of exceptions. Defendants appeal from the whole judgment. Plaintiffs appeal from that portion of the judgment only which withholds the full relief prayed for by them. If the defendants prevail upon their appeal, the whole judgment must be reversed and the appeal by plaintiffs becomes abortive.

"A careful consideration of this cause, together with independent search of the authorities, convinces us that the appeal of defendants must be sustained and the whole judgment reversed. Plaintiffs and some ten other persons owned in undivided interests 240 acres of a half section of 320 acres of land in the county of Kern. The remaining 80 acres were held in a like undivided interest by one C. T. Dunkle. Dun-

kle desired to purchase in 10-acre blocks the interests of the other owners. On December 14, 1923, plaintiffs and their associates, binding themselves together by mutual covenants, entered into a written contract wherein they constituted Mervyn R. Dowd as a trustee for the purpose of selling their said property to said C. T. Dunkle and to that end and for that purpose agreed to and did execute and deliver to the said Dowd as grantee an ordinary grant, bargain and sale deed of their respective interests in said property. The written agreement above mentioned contained the terms and conditions of sale and rested upon the mutual covenants therein contained, the last and most significant of which was as follows: 'Upon receipt by the said trustee of the first payment of one thousand ($1,000.00) dollars, each of the grantors hereby agrees with all of the other grantors that his or her interest in said lands shall thereupon be converted into and deemed to be and held as an interest in common in said entire half section with all other owners and not in severalty.'

"Acting under said contract and the deed made pursuant thereto said trustee Dowd transferred and conveyed certain portions of said land to the said Dunkle and received certain moneys from him on account thereof. Plaintiffs brought this action against the said Dowd as trustee and against the said Dunkle to have said trust agreement declared void as to them, to have the deed cancelled as to them and to have their title to their former interest in said lands declared and quieted against the claims of said defendants. The defendant Dunkle, it is claimed, was a purchaser with notice of their rights, and further plaintiffs alleged that they had been damaged in the premises in the sum of $5,000. Defendants answered denying the grounds set up for the cancellation of said deed and for the quieting of plaintiffs' title to said land and in addition thereto filed their cross-complaint asking that said underlying agreement be declared valid and that the title of said trustee be quieted as to said real property as against said plaintiffs and cross-defendants Fred W. Lake and Fannie D. Lake, and that said plaintiffs be estopped, enjoined and forbidden from asserting any right, title or interest in and to the premises save such interest as they might have under the written contract above described.

"The court made findings and gave judgment in favor of the plaintiffs quieting their title to 5/12ths or 180 acres of said tract and restraining and enjoining defendants from claiming or asserting any interest therein adverse to them but refused to give plaintiffs judgment for the sum of $5,000 or any other sum as damages. Defendants, as above stated, appealed from the whole of said judgment and plaintiffs appealed from so much thereof as refused their prayer for damages.

■ "It will be noted from the above description of the pleadings that the ten other persons who joined with plaintiffs in the agreement between themselves to sell said lands through said defendant trustee were not made parties to the suit by plaintiffs nor were they made parties to said suit by defendants under their cross-complaint. Defendants, at the opening of plaintiffs' case, objected to the introduction of any evidence upon the ground that the other signatories to said contract had not been joined as parties defendant and were not before the court and at the close of plaintiffs' case, said defendants moved for nonsuit upon the same grounds, taking the position that all the parties to said contract were necessary to a full determination of the issues and the court could make no decree in the premises unless said parties were before it. This motion was denied.

"Defendants' position is well taken. Plaintiffs seem to overlook the fact that the mutual covenants between the signers of said contract were sufficient to give to each of said signers a joint interest in the whole subject matter. ■ The contributing of the several interests of the parties signing said contract and the surrender to a common agent or trustee of their rights and interests therein were a sufficient consideration to make said contract binding as between themselves and the contract is in reality as though it were made between them for the direct sale of the property instead of the sale through a trustee. Each party to said contract is, therefore, a proper and necessary party for a determination of any rights in said property held by the trustee under said deed (Code Civ. Proc., sec. 378).

"A case not cited by either counsel and determinative of this question is *Mitau* v. *Roddan*, 149 Cal. 1, 6, 7 [6 L. R. A. (N. S.) 275, 84 Pac. 145]. There a debtor executed a deed of trust to secure debts to two persons. The trustees

brought a suit to have the court declare the interests of the respective parties under the deed of trust and to foreclose same. But one of the persons for whose benefit the trust was created was not made a party thereto and the point was made that a court of equity could not properly dispose of the case until such party was before it and that the trustee could not properly represent such absent creditor or beneficiary. Lengthy quotations from this case are unnecessary; a reference thereto will reveal the rule, the reason for it and the equitable principles upon which it is founded. The cases of *McPherson* v. *Parker*, 30 Cal. 455 [89 Am. Dec. 129], and *O'Connor* v. *Irvine*, 74 Cal. 444 [16 Pac. 236], cited in the above-mentioned case, also fully sustain the holding here announced.

"It will be noted that section 369 of the Code of Civil Procedure, which authorizes a trustee of an express trust to sue without joining the beneficiaries, is inapplicable to this case, as this is not a controversy between a trustee and strangers to the trust. Said section is for the same reason inapplicable to the cross-complainants who undertook to try their title against the claims of said plaintiffs without joining the other beneficiaries.

"This position determines the issues involved in this appeal. We have, however, in view of a probable retrial of the cause, examined the record on the merits as to the other questions presented. It is our conclusion that in this aspect also the cause must be reversed upon the insufficiency of the evidence to support the findings and judgment. The judgment is predicated upon the asserted right of the plaintiffs to withdraw from said agreement at any time because of the delay or failure of the trustee to complete the sales contract with Dunkle so long as the withdrawal was prior to the actual consummation of any such binding contract, the theory being doubtless that the trustee having paid no consideration to plaintiffs, they could withdraw at any time prior to action on his part under the trust. The assertion is that such withdrawal occurred in this manner and at such time.

"This argument is, as above stated, a misconception of the relation of the parties to said agreement. The question is not, may plaintiffs withdraw because of the failure of the trustee to act, but the true question is, do plaintiffs show

grounds upon which to withdraw from the agreement for failure of consideration or other cause as against all of the cosigners of said agreement. The trustee is but the agent upon whom authority has been conferred. The real contract is between the parties of the first part thereto. The delay in perfecting a contract of sale was a defect in the title of said parties of the first part to the said lands to be conveyed. In other words, the delay was in perfecting their title and such defect affected the owners alike. Plaintiffs· actively advocated the remedying of this defect, participated in the proceedings necessary therefor and paid a large portion of the expense thereof from moneys paid to the trustee by Dunkle. The formal notice of withdrawal of May 17, 1924, was nullified by their own admitted conduct. The attempted withdrawal of November 17, 1924, was after the consummation of the contract with Dunkle and after at least two payments by him and after at least two deeds to him had been made by the trustee.

"There is no substantial conflict in any of the evidence material to this issue. The evidence shows no ground whatever to cancel this agreement as against anyone and particularly as against the coparties to same. The contention that plaintiffs did what they did upon an understanding that Dunkle would complete at once a cash purchase of the whole tract does not, under the admitted facts and under the circumstances then obtaining, raise a conflict in the evidence.

■ "Neither do we discern any ground upon which it may be said that said trust is invalid or void upon its face. The instrument is clearly a trust to convey and the powers conferred are succinctly and clearly set forth (sec. 857, Civ. Code)."

The judgment is reversed and the appeal of the plaintiffs is dismissed.