[Civ. No. 12602.  First Dist., Div. Two.  Mar. 27, 1944.]

CHESTER DELNO et al., Respondents, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

Cyril Appel, Stephen R. Duhring, Chickering & Gregory, Samuel S. Stevens and Heller, Ehrman, White & McAuliffe for Appellants.

Morgan J. Doyle, Joseph J. Bullock and A. Dal Thomson for Respondents.

STURTEVANT, J.—After the plaintiffs had commenced the above entitled action by filing a complaint which we set forth in substance below, the defendants appeared and filed a motion to change the place of trial. Their motion was denied and they have taken an appeal from the order denying their motion. The complaint was substantially as follows:

"1. That at all times mentioned herein, defendant Market Street Railway Company was and still is a corporation organized and existing under and by virtue of the laws of the State of California, having and maintaining offices in, and engaging in business in, the County of San Mateo, State of California; that at all times mentioned herein, defendant Wells Fargo Bank & Union Trust Co. was, and still is, a corporation organized and existing under and by virtue of the laws of the State of California; that at all times mentioned herein, defendant The Anglo California National Bank of San Francisco was, and still is, a national banking association, maintaining its principal office at the City and County of San Francisco, State of California; that at all times mentioned herein defendant American Trust Company was, and still is a corporation organized and existing under and by virtue of the laws of the State of California, having and maintaining offices in, and engaging in business in the County of San Mateo, State of California.

"II. That as of the 1st day of April, 1924, defendant Market Street Railway Company, a California corporation (hereinafter sometimes referred to as 'Railway Company') made, executed and delivered a certain Indenture of First Mortgage, wherein and whereby said Railway Company granted,

mortgaged and pledged to defendant Wells Fargo Bank & Union Trust Co., a California corporation (herein sometimes called 'Bank'), certain real and personal property situated in the State of California, and more particularly described in said Indenture of First Mortgage, which said Indenture of First Mortgage was duly recorded in the office of the County Recorder of San Mateo County on March 31, 1924 in Liber 1112 of Official Records at page 4 thereof, and in the office of the County Recorder of the City and County of San Francisco, on March 31, 1924, in Volume 866 of Official Records at page 12 thereof, and in the office of the County Recorder of Humboldt County on April 3, 1924, in Book 87 of Mortgages at page 289 thereof, and in the office of the County Recorder of the City and County of San Francisco in Liber 2848 of Official Records at page 267 thereof.

"That said Indenture of First Mortgage (hereinafter sometimes called 'mortgage') was so made, executed, delivered and recorded for the purpose of securing an issue of First Mortgage Seven Per Cent Sinking Fund Gold Bonds, each and all of which said bonds were dated April 1, 1924, and by the express terms thereof matured and became due on April 1, 1940.

"That said issue of bonds, issued under and secured by said Indenture consisted of bonds in the aggregate principal amount of thirteen million dollars ($13,000,000.00). That between the dates of April 1, 1924 and April 1, 1940, certain of said bonds in the aggregate principal amount of eight million three hundred eighty-two thousand dollars ($8,382,-000.00), were paid and retired, and on April 1, 1940, bonds of said issue of the aggregate principal amount of four million six hundred and eighteen thousand dollars ($4,618,-000.00) were outstanding and unpaid.

"III. That plaintiffs are the owners of thirty (30) of said bonds so outstanding and unpaid as aforesaid, each of said bonds being in the principal amount of one thousand dollars ($1,000.00) ; that a photostatic copy of one of plaintiffs' said bonds is attached hereto, marked Exhibit 'A', and the same is hereby incorporated herein and is hereby referred to for further particulars. That each and all of said thirty bonds so owned by plaintiffs, as aforesaid, is identical in language and terms with the bond shown as Exhibit 'A' attached hereto.

"IV. That in and by said Indenture of First Mortgage, defendant railway company agreed that it would duly and punctually pay the principal and interest of every bond issued thereunder at the dates and at the places mentioned in said bonds. That among the provisions contained in said indenture of First Mortgage is the following:

" 'Section 11. When and as the Bonds secured hereby and the coupons thereto attached are paid said Bonds and coupons shall be cancelled. The Company shall not extend nor consent to an extension of the time of payment of said Bonds or of any interest coupons and if such extension be made, whether with or without the consent of the Company, such Bond or interest coupon or claim for interest represented thereby shall be subject to prior payment in full of the principal of the Bonds and coupons whose payment shall not have been so extended.'

"V. That on the 1st day of April, 1940, each and all of said issued and outstanding bonds aggregating approximately four million six hundred and eighteen thousand dollars ($4,618,000.00), as aforesaid, including the said bonds of plaintiffs, became due and payable. That on or about said 1st day of April, 1940, the owners and holders of certain of said issued and outstanding bonds agreed in writing with said railway company, among other things, as follows:

"1. That the maturity date of the said bonds so owned and held by them be extended to April 1st, 1945;

"2. That the interest rate on said bonds so owned and held by them be reduced from seven per cent as provided therein to five per cent per annum, payable quarterly on the 1st days of January, April, July and October of each year, commencing July 1st, 1940;

"3. That certain sinking fund provisions contained in said Indenture of First Mortgage need not be complied with.

"VI. That plaintiffs are not informed as to the identity of all persons who entered into the aforesaid agreement with the said railway company, but that among the owners and holders of said issued and outstanding bonds who entered into the aforesaid agreement are the defendants Wells Fargo Bank & Union Trust Co., The Anglo California National Bank of San Francisco, American Trust Company, and Samuel Kahn. That the defendant railway company and the defendant Wells Fargo Bank & Union Trust Co., are informed and have actual

knowledge as to the identity of all of the persons who entered into the aforesaid agreement and of the principal amount of the bonds owned and held by them. That plaintiffs, as the owners and holders of said thirty bonds so secured by said Indenture of First Mortgage, as aforesaid, did not agree and have not agreed or consented in writing or otherwise to any extension of the maturity date of the bonds so held by plaintiffs, or to any other change, alteration, amendment, modification or extension of all or any of the provisions of said mortgage or of said bonds.

"VII. That on April 1, 1940, said defendant railway company made, executed and delivered to said defendant Wells Fargo Bank & Union Trust Co., as trustee, for the benefit of the said bondholders who agreed to the extension of the maturity of their bonds, as aforesaid a certain document entitled 'Supplemental Indenture' wherein and whereby said defendant railway company made certain promises and covenants with respect to the time and manner of payment of said extended bonds. That said 'Supplemental Indenture' was recorded in the office of the County Recorder of San Mateo County on April 12, 1940, in Book No. 885 of Official Records at page 444; and was recorded in the office of the County Recorder of Humboldt County on April 12, 1940 in Book 107 of Mortgages at page 90; and was recorded in the office of the County Recorder of the City and County of San Francisco on April 12, 1940, in Book 3599 of Official Records, at page 1 thereof.

"VIII. That plaintiffs are informed and believe, and upon such information and belief allege that the outstanding bonds belonging to persons who did not enter into the aforesaid extension agreement with said railway company amount to more than four hundred 'thousand dollars ($400,000.00), and said bonds are owned and held by more than one hundred persons, firms and corporations, most of whom reside outside the State of California, and of those residing within the State of California, most of them reside in counties other than the County of San Mateo; that therefore it is and would be impracticable to bring all of said non-assenting bondholders before the court, that the question involved herein is one of common or general interest to all of the said non-assenting bondholders and plaintiffs therefore sue for the benefit and on behalf of themselves and of all of the said non-assenting bondholders.

"IX. That the defendants Wells Fargo Bank & Union Trust Co., American Trust Company, The Anglo California National Bank of San Francisco and Samuel Kahn are owners and holders of certain of said issued and outstanding bonds, and did enter into the aforesaid agreement with the said railway company; that the outstanding bonds owned by persons who likewise entered into the aforesaid agreement, as in paragraph V hereof related, with the said railway company are owned by approximately three hundred persons, firms and corporations, most of whom reside outside of the State of California, and of those residing within the State of California, most reside in counties other than San Mateo County; that therefore it is and would be impracticable to bring all of said assenting bondholders before the court; that all of the assenting bondholders are united in interest and the question involved herein is one of common or general interest to all of said assenting bondholders, and that the said defendants, Wells Fargo Bank & Union Trust Co., American Trust Company, The Anglo California National Bank of San Francisco and Samuel Kahn are representative of and can defend for the benefit of all of said assenting bondholders.

"X. That plaintiffs have demanded of said defendant railway company and defendant Wells Fargo Bank & Union Trust Co., as trustee under said Indenture of First Mortgage, that they pay the principal and interest due on the said non-extended bonds; that said defendants and each of them have refused and still refuse to pay all or any part of said principal or interest, but said defendants did, on the 1st days of April, July, and October, 1940, and on the 1st days of January, April, July and October, in the year 1941, and on the 1st days of January, April and July in the year 1942, pay to the holders of all of said extended bonds, interest thereon at the rate of five per cent (5%) per annum.

"XI. That by reason of the facts hereinabove alleged, plaintiffs claim and assert that by virtue of the terms and provisions of said indenture of first mortgage and of said bonds, and particularly the provisions of Section 11 of said indenture hereinabove quoted, the bonds owned and held by plaintiffs, and by those other persons on behalf of whom plaintiffs bring this action, are still secured by said indenture of first mortgage, and that said mortgage constitutes a first lien upon and against the property of said railway com-

pany described in said mortgage for the purpose of securing the bonds owned and held by plaintiffs and the remaining non-assenting bondholders on behalf of whom this action is brought; and that the bonds, the maturities of which were extended as aforesaid to April 1st, 1945, are secured by said indenture of first mortgage and said supplemental indenture, subject, however, to the prior payment in full of the principal of the bonds and the coupons thereon, whose payment was not so extended by reason of the fact that the owners thereof did not enter into the aforesaid agreement of extension with the said railway company. Plaintiffs further claim and assert that it is the obligation and duty of defendant railway company to pay in full the principal of all the said non-extended bonds and the interest thereon, at the rate of seven per cent (7%) per annum, before any payments are made upon the extended bonds or any interest or coupons thereof.

"XII. That defendants and each of them claim and assert that the rights of the bondholders who assented to said extension of the maturity of their said bonds and the making of said supplemental agreement, as aforesaid, are not subject, subservient or junior to the rights of plaintiffs and the remaining non-assenting bondholders, and that the bonds of plaintiffs and of said remaining non-assenting bondholders are subject and subservient to and junior in right and security to the bonds which were extended as aforesaid, and that the said bonds of said plaintiffs and said remaining non-assenting bondholders are not yet due and payable. That defendant railway company and defendant Wells Fargo Bank & Union Trust Co., as trustee under said indentures, claim that it is their right, duty and obligation to refuse to pay the principal or interest on the bonds of plaintiffs and other non-assenting bondholders and to refuse to apply moneys in their possession to such payment, and that it is their right and duty to pay and apply moneys of the defendant railway company to and on account of the said extended bonds.

"Wherefore, plaintiffs pray and demand that this honorable court declare and adjudge:

"1. That the bonds of plaintiffs and the remaining non-assenting bondholders matured and became due on April 1st, 1940 and are now due, payable and unpaid, and that there is now due on said bonds the principal sum of one thousand

dollars ($1,000.00) for each bond, plus interest thereon from January 1st, 1940, at the rate of seven per cent per annum;

"2. That the bonds of plaintiffs and the remaining non-assenting bondholders are secured by said indenture of first mortgage;

"3. That the bonds, the maturities of which have been extended to April 1st, 1945, are secured by said indenture of first mortgage and said supplemental indenture, subject, however, to the prior payment in full of all of the principal and interest on the bonds of plaintiffs and the remaining non-assenting bondholders, and the lien securing said extended bonds is subject, subservient and junior to the lien securing the bonds of plaintiffs and the remaining non-assenting bondholders; that it is the duty and obligation of defendant railway company and defendant Wells Fargo Bank & Union Trust Co., as trustee under said indentures, to refrain from making any payment of principal or interest on all or any of said extended bonds until such time as the bonds of plaintiffs and of other non-assenting bondholders have been fully paid and retired both as to principal and interest;

"4. That the court, in the exercise of its discretionary power, order and require said railway company and said Wells Fargo & Union Trust Co. to deposit with the clerk of this court a sum, in cash, equal and equivalent to the principal and accrued interest of all of said non-extended bonds, said sum and fund to be held by said clerk subject to such order or orders as upon the hearing of this action, this court, in its discretion, shall deem equitable and proper in the premises;

"5. That the court award to plaintiffs, or to plaintiffs' attorneys herein, as attorneys' fees, for the prosecution of this action on behalf of all of said non-assenting bondholders, such sum and amount as may be just and equitable;

"6. That plaintiffs have such other and further relief as may be proper;

"7. That plaintiffs recover their costs herein."

In due time the Market Street Railway Company and Wells Fargo Bank & Union Trust Co. appeared and made a motion for a change of venue from San Mateo County to the city and county of San Francisco. Said motion was based on the following grounds: "That each of said defendants, Market Street Railway Company and Wells Fargo Bank &

Union Trust Co. is now and at the time of the commencement of said action was a corporation organized and existing under the laws of the State of California and that the principal office and place of business of each of said defendants is now and at the time of the commencement of said action was situated in the City and County of San Francisco, State of California, and that neither of said defendants has now nor either of them at the time of the commencement of said action have or had any office in the County of San Mateo; that none of the contracts, instruments, indentures, or agreements referred to in the complaint in said action was made or was or is to be performed in the County of San Mateo and that no purported obligation or liability with respect to such contracts, instruments, indentures or agreements or any of them, or any term, provision or condition thereof arose or occurred in the County of San Mateo; that the defendants, The Anglo California National Bank of San Francisco, American Trust Company and Samuel Kahn are and each of them is improperly joined as a party defendant in said action and that neither of them is a necessary or proper party in said action; that the defendant, The Anglo California National Bank of San Francisco is a national banking association with its office and principal place of business in the City and County of San Francisco, State of California, and that the defendant, American Trust Company, is a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business in said City and County of San Francisco; that said defendants, The Anglo California National Bank of San Francisco, American Trust Company and Samuel Kahn are not proper parties defendant and are not representative of nor can any of them defend said action on behalf of any non-appearing bondholder as alleged in said complaint, but that each of said last named defendants has been joined as a party defendant solely as a sham for the purpose of having said action tried in the County of San Mateo.''

In support of their motion said defendants tendered the affidavits of James J. Adams, secretary of the Market Street Railway Company, Samuel Kahn, one of said defendants, F. J. Brickwedel, trust officer of Wells Fargo Bank & Union Trust Co., Evan Johnson, cashier of The Anglo California National Bank of San Francisco, and Bradley B. Brown,

vice president and secretary of the American Trust Company. In said affidavits it was alleged (1) that neither Wells Fargo Bank & Union Trust Co., American Trust Company, The Anglo California National Bank, nor Samuel Kahn "are representative and can defend for the benefit of all of said assenting bondholders." It was also alleged (2) that Mr. Kahn was not a bondholder; that American Trust Company was not a bondholder except that it held in its trust capacity one $1000 par value bond issued by Market Street Railway Company. Said affidavits also set forth (3) "that neither the said indenture of first mortgage referred to in said complaint, nor the supplemental indenture, nor the alleged extension agreements with the bondholders, were made or executed, or were or are to be performed, in the county of San Mateo." In the brief of the defendants much space is devoted to making a showing that the plaintiffs had not brought their case under the provisions of section 16, article XII of the Constitution. In the brief of the plaintiffs they make no claim that they had attempted to do so. However they earnestly claim that their complaint stated a cause of action within the provisions of section 5, article VI of the State Constitution. ▇▇▇ They rely on their allegation that Mr. Kahn was a bondholder. The defendants contend that their affidavits show he was not a bondholder. In that connection they contend the residence of Mr. Kahn must be disregarded. They base that contention on the claim that naming him as a defendant was a sham and that Mr. Kahn was neither a necessary nor proper party. We think that claim is not supported by the record. On the hearing of the motion it was established as a fact that Mr. Kahn resides in San Mateo County. It was alleged in the complaint that he was the owner of certain of said bonds. That allegation was denied by Mr. Kahn in the affidavit made by him and also in the affidavit made by Mr. Adams as secretary of the Market Street Railway Company. ▇▇▇ As to ownership there was a conflict in the evidence. That conflict the trial court ruled in favor of the plaintiffs and such ruling is conclusive in this court. (*Hubbard* v. *Mt. Raymond Min. Co.,* 33 Cal. App.2d 474 [92 P.2d 411, 93 P.2d 95].) ▇▇▇ The substance of the complaint is clearly an attempt to allege a bill in equity to prevent a multiplicity of suits. (1 Pomeroy Eq. Jur., secs. 255-261.) It involves the rights of numerous bene-

ficiaries, the bondholders, as to the rights of one group against the rights of another group, and the rights of the bondholders against the trustor and trustee. On the hearing of such a controversy each of said persons is both a necessary and proper party. (*Hutchins* v. *Security Trust etc. Bank,* 208 Cal. 463 [281 P. 1026, 65 A.L.R. 1059].) At page 467 the court said: ''It is manifest that in a controversy by one settler with the other settler and/or beneficiaries, the trustee is in no sense the representative of either faction. A trustee is given by statute the right to sue in execution of the powers conferred without joining beneficiaries as plaintiffs, but this applies only as against strangers to the instrument and has no application to suits by or against makers and beneficiaries thereunder involving the validity of the trust instrument. This principle was carefully explained and section 369 of the Code of Civil Procedure interpreted in the case of *Mitau* v. *Roddan,* 149 Cal. 1 [6 L.R.A.N.S. 275, 84 P. 145]. In fact, the identical point here involved was before us in the recent case of *Lake* v. *Dowd,* 207 Cal. 290 [270 P. 212] (see 277 P. 1047), and the cause was reversed for failure of the court to order of its own motion, certain of the settlers, who were also beneficiaries, made parties to the action. This doctrine was again confirmed in *Title Guarantee & Tr. Co.* v. *Henry et al., ante,* p. 185 [280 P. 959]. No lack of interpleading, omission or negligence of the trustee will excuse this omission (*O'Connor* v. *Irvine,* 74 Cal. 444 [16 P. 236]; *Lake* v. *Dowd, supra*). The theory of this principle doubtless is that no decree should be entered affecting the rights of a party without giving him an opportunity to be heard and the negligence or failure of another will not justify his absence from the case.'' It follows that as an alleged bondholder Mr. Kahn under the facts was a proper and necessary party.

In class (1) above designated we referred to the allegation contained in the complaint that the defendants ''Wells Fargo Bank & Union Trust Company, American Trust Company, The Anglo California National Bank of San Francisco and Samuel Kahn are representative of and can defend for the benefit of all assenting bondholders''; and the denial of that allegation in the affidavits filed by the defendants. Clearly those allegations involved merely conclusions of law. (49 C.J. 71; *Cullinan* v. *Mercantile Trust Co.,* 80 Cal.App. 377, 383 [252 P. 647].) The allegation of the com-

plaint and the denials thereof are not helpful to either party. (49 C.J. 783; *Sacramento etc. D. Dist.* v. *Superior Court,* 196 Cal. 414, 422 [238 P. 687].)

In class (3) above stated we referred to the allegations contained in the affidavits "that neither the said indenture of first mortgage referred to in said complaint, nor the supplemental indenture, nor the alleged extension agreements with the bondholders, were made or executed, or were or are to be performed in the county of San Mateo." In an action against a corporation only, for the purpose of fixing the venue, such facts would be material. (Sec. 16, art. XII, Const.) However, when, as in the instant case, other defendants are added, the plaintiff waives the constitutional provision and the case must be disposed of under the statutes applicable. (*Griffin & S. Co.* v. *Magnolia & H. F. C. Co.,* 107 Cal. 378, 380 [40 P. 495].)

Language similar to but not identical with section 16, article XII of the Constitution is to be found in Code of Civil Procedure, section 395: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, *or some of them,* reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, *or any such defendant,* resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary." (Italics ours.) The defendants contend that the action is transitory, that the provisions of section 395 of the Code of Civil Procedure are controlling and therefore their motion should have been granted. But when, as here, there are several defendants, one of whom resides in the county where the action was commenced and who was a proper and necessary party, the court does not err in refusing to grant the motion whether such defendant joins in the motion or consents thereto. (*McClung* v. *Watt,* 190 Cal. 155, 158 [211 P. 17].)

After the hearing in this court the parties by permission first had and obtained filed additional briefs in which they discussed the decisions in *East-West Dairymen's Assn.* v. *Dias,* 59 Cal.App.2d 437 [138 P.2d 772] and *California Collection Agency* v. *Fontana,* 61 Cal.App.2d 648 [143 P.2d 507]. We find nothing in either of said cases which is at variance with anything we have herein said.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 25, 1944. Edmonds, J., Traynor, J., and Schauer, J., voted for a hearing.