CONLEY, P. J.
 

 Herman W. Straube and Elaine C. Straube, his wife, plaintiffs and defendants in intervention, appeal from a decree which (1) sets aside and declares void a judgment previously obtained by them in Tulare County in action No. 51794, entitled
 
 “jHerman W. Straube and Elaine C. Straube,
 
 Plaintiffs, v.
 
 Security First National Bank of Los Angeles, a National Banking Association,
 
 defendant,” (2) declares that a promissory note with a principal balance of $48,000 and the deed of trust securing it constitute valid and enforceable obligations against Herman "W. Straube and Elaine C. Straube, (3) finds the alleged balance due on the note secured by .the deed of trust as amended by alleged executed oral modifications, and (4) awards $8,000 attorney’s fees to the plaintiffs in intervention as beneficiaries and $2,500 attorney’s fees to the defendant bank as trustee, together with costs of suit.
 

 The instant action was commenced by Herman W. Straube and Elaine C. Straube, his wife, against the Security First National Bank to enjoin it from carrying out its announced intention to proceed with a sale of certain real property owned by them under a deed of trust on the ground that a previous suit brought by them against the bank had resulted in a decree quieting their title and forbidding further claims by the bank against the real property. A copy of the previous decree, dated November 21, 1958, was attached to the complaint as an exhibit; the former judgment on its face held that the plaintiffs herein are the owners of the west one-half of Lots 19 and 20 of the Lindsay Orchard and Vineyard Company’s Colony Tract in Tulare County as per map recorded in Book 7 at page 31 of Maps in the office of the county recorder and that title to said real property is vested in plaintiffs in fee
 
 *354
 
 simple absolute; plaintiffs’ title by the terms of the decree was forever quieted against any and all “. . . claims, demands or pretensions of said defendant [bank], ...” and the defendant bank was perpetually enjoined and restrained from setting up or making any claim to the real property.
 

 Pursuant to leave of court granted on an ex parte application, Evelyn E. Straube, individually, and as executrix of the last will and testament of William Boeringer Straube, filed a complaint in intervention. The plaintiffs and defendants in intervention, Herman W. Straube and Elaine C. Straube, moved to strike the new pleading, but their motion was denied.
 

 Later, the complaint in intervention was amended; it alleged that Herman W. Straube and the plaintiff in intervention, Evelyn E. Straube, are brother and sister and the children of William Boeringer Straube, deceased; that in May of 1947 Herman W. Straube desired to purchase farming property in Tulare County priced at $52,000, of which $26,000 was required to be paid down in May 1947, and the balance of which was payable with interest at 5 per cent per annum in annual installments of $8,666.67, or more, on the 15th day of January of each year commencing January 15, 1948; that Herman W. Straube was without funds to make the down payment and that the father loaned him the sum of $26,000, evidenced by two promissory notes for $5,000 and $21,000, respectively; that the father and son then orally agreed that the loans would be noninterest bearing, notwithstanding the provision in the notes for 1 per cent per annum interest; 1 ‘. . . that the said interest provisions were inserted in said notes by reason of a mistaken belief on the part of both Herman W. Straube and his father that unless some interest rate were inserted in a Promissory Note it was not legally valid and binding on the parties thereto.”
 

 The complaint in intervention further alleged that the proceeds of the two loans above mentioned were used to make the down payment to the then owner of the property and that Herman W. Straube and his wife took the land by deed in their names as owners in common; that on or about May 30, 1947, Herman and Elaine entered into an oral agreement with the father whereby: William Straube agreed to lend them an additional $26,000 payable on or before one year from the date of the loan with interest at 1 per cent per annum; that Herman and Elaine were to use the $26,000 to pay off the balance of the purchase price and to secure a reconveyance of the trust deed given by them to the owner; that upon the
 
 *355
 
 discharge of said indebtedness the three promissory notes evidencing the loans for $5,000, $21,000 and $26,000 would be canceled and a new note given to William by Herman and Elaine in an amount equal to the total monies previously loaned by him to purchase the real property and that such note would provide for annual interest of 1 per cent on the whole principal, but that in truth and in fact Herman and Elaine would not be obligated to pay interest on $26,000 of that amount and would pay interest at 5 per cent on the balance of $26,000; that said note would further provide for the payment of principal in six equal yearly installments of $8,666.67, or more, on the 15th day of January of each year, commencing on January 15, 1948; and that Herman and Elaine would execute and deliver a deed of trust on the real property securing the note in favor of William Boeringer Straube as beneficiary; that Herman would make the necessary arrangements for the preparation of the new promissory note and deed of trust.
 

 The pleading then alleges that the oral agreement was thereafter “fully executed” in that the $26,000 additional loan was made by William evidenced by a note for $26,000 in his favor; that Herman and Elaine used this $26,000 to pay the balance of the purchase price, and they secured a deed of reconveyance from the previous owner of the land; that on or about November 1, 1947, Herman W. Straube and Elaine C. Straube did cause to be prepared: (a) a promissory note dated November 1, 1947, in the face amount of $52,000, bearing a provision for interest on the whole of said principal at the rate of 1 per cent per annum, and which provided for the payment of principal in six equal annual installments of $8,666.67, principal and interest payments to commence on January 15, 1948, and to be made thereafter on the 15th day of January of each year until paid; (b) a deed of trust dated November 1, 1947, covering the aforesaid real property to secure the payment of the note of November 1, 1947, in which the Security First National Bank of Los Angeles was named trustee, and William Boeringer Straube beneficiary; that the trustors caused the deed of trust to be recorded in the County Recorder’s Office of Tulare County and that they forwarded the note and deed of trust to William Straube.
 

 The amended complaint in intervention continues by alleging two payments of interest on the note amounting to the sums of $2,058.33 and $1,300; that on or about June 22, 1950,
 
 *356
 
 an oral agreement was entered into between Herman and Blaine and William whereby it was agreed as follows:
 

 “1. That William Boeringer Straube would make a partial assignment of his interest in and to said Promissory Note and Deed of Trust dated respectively November 1st, 1947, by assigning a Twenty-six Thousand Dollar ($26,000.00) interest therein to Evelyn E. Straube, plaintiff in intervention herein.
 

 . “2. That Herman W. Straube and Elaine C. Straube would execute a written consent to such partial assignment.
 

 1 “3. That the portion of said Promissory Note being assigned to her was the non-interest bearing portion and that the interest bearing portion of the Promissory Note was that portion retained by William Boeringer Straube, and that Herman W. Straube and Elaine C. Straube would continue paying interest on the said portion retained by William Boeringer Straube at the rate of five percent (5%) per annum.
 

 “4. That all principal payments made thereafter would be made and credited first on the non-interest bearing portion of said Promissory Note, which had been assigned to Evelyn E. Straube.”
 

 It is claimed in the pleading ‘ ‘ That said oral agreement was thereafter fully executed in that the said Herman W. Straube, Elaine C. Straube, and William Boeringer Straube did do the following acts pursuant to and in consideration of said oral agreement:
 

 “1. On or about June 22nd, 1950 [,] the said William Boeringer Straube did by appropriate instrument in writing transfer and assign to the said Evelyn E. Straube a Twenty-six Thousand Dollar ($26,000.00) interest in the Promissory Note and Deed of Trust hereinabove described in Paragraph XIII of this Complaint.
 

 “2.
 
 On or about June 26th, 1950 [,] the said Herman W. Straube and Elaine C. Straube did execute a written consent to the aforesaid partial assignment by William Boeringer Straube to Evelyn E. Straube.
 

 “3. That said written assignment and consent thereto were duly recorded on June 27th, 1950 [,] in Volume 1454 at Page 561 of Official Records of Tulare County, State of California.
 

 “4. That said Herman W. Straube and Elaine C. Straube did thereafter make the payments of principal and interest hereinafter alleged in Paragraphs XII and XIV of this Complaint, and which interest payments were made on Twenty-six
 
 *357
 
 Thousand Dollars ($26,000.00) at the rate of five percent (5%) per annum.”
 

 The amended complaint in intervention continues by alleging various payments which resulted in a reduction of the principal balance on the note to $48,000; and that interest was paid to August 15, 1957.
 

 Paragraph XIII of the pleading alleges that on or about August 14, 1957, an oral agreement was entered into between Elaine C. Straube and Herman W. Straube on the one hand and Evelyn E. Straube and William Boeringer Straube on the other hand whereby in consideration of changing the due date for payment of interest from January 15th of each year to August 15th of each year and in consideration of the forebearance by William and Evelyn of the receipt of any payment on account of principal during a one-year period ending August 14, 1958, Herman and Elaine agreed that they would pay interest each year on the entire $48,000 principal balance at the rate of 5 per cent per annum and that said interest payments would be made on the 15th day of August of each year commencing August 15, 1958.
 

 It is further alleged that on June 12, 1958, a payment of $1,000 was made on account of interest and that on the 15th day of August, 1959, the balance of $1,400 interest for the period August 15, 1958, to August 14, 1959, at the rate of 5 per cent per annum fell due but said payment was never made.
 

 The pleading alleges that William Boeringer Straube died on July 24, 1958, and that Evelyn E. Straube was appointed executrix of his last will and testament; that on September 13, 1958, written demand was made by Evelyn in her individual capacity for the payment of $26,000 plus accrued interest; that on or about October 9, 1958, Herman and Elaine instituted the action above mentioned to quiet their title to the real property, and that they named only one defendant, the bank, in that action; that at all times Herman and Elaine were aware of the nature and extent of the claims of Evelyn, individually, and as representative of her father’s estate, and that they knew her residence and street address; that plaintiffs in intervention had no notice or knowledge of the filing of the ease or of the result in the litigation and did not know until August 11, 1959, that such suit had been instituted or carried to judgment.
 

 The pleading then sets forth sums that are claimed to be due on account of interest, together with the sum of $48,000 on account of principal.
 

 
 *358
 
 It is then alleged that plaintiffs in intervention were indispensable parties in the said former action and that the failure to join them was an attempt to deprive them of their property rights by stealth and fraud; that the judgment in that case is void and that it does not bind Evelyn either in her individual capacity or as representative of the estate.
 

 A second cause of action contained in the amended complaint in intervention alleges that the sum of $48,000 and interest in the sum of $3,800 are presently due and that further interest will accrue at the rate of 5 per cent per annum on $48,000 until the total sum is paid.
 

 The second cause of action refers to the trust deed and note and the several alleged executed oral agreements and makes claim for attorney’s fees on behalf of the trustee and the beneficiaries as well as for the balance of principal and the interest.
 

 A demand was made by plaintiffs and defendants in intervention for a jury trial for the determination of certain issues of fact, but this demand was denied by the court.
 

 The pretrial conference order defined the issues as follows:
 

 “1. Whether the decree quieting title entered in Action No. 51794 in the above entitled County is or is not void.
 

 “2. What action, if any, defendant bank should take as trustee under the terms and provisions of the deed of trust with respect to any sale of the real property described therein.
 

 “3. Whether the remaining parties to this action should be required to pay the defendant’s costs of suit herein, including a reasonable attorneys’ fee.
 

 “4. Whether plaintiffs are entitled to an injunction against the defendant bank to prevent the holding of a trustee’s sale as provided for in the deed of trust.
 

 “5. Whether the decree in Tulare County Civil Case No. 51794 should be set aside as to the plaintiffs in intervention.
 

 “6. The respective rights of the parties under the promissory note, deed of trust and assignment and the declaration thereof.
 

 “7. Is the judgment in Civil Case No. 51794 subject to collateral attack in these proceedings.
 

 “8. If the judgment in said Case No. 51794 is subject to collateral attack, whether the deed of trust dated November 1, 1947, is valid or whether there is a failure of consideration for the same as to Herman V. [sic] Straube or as to Elaine C. Straube.
 

 
 *359
 
 “9. What were the terms of the contract between Herman S. [sic] Straube and his father, William Boeringer Straube.
 

 “10. Whether there is any money due from Herman V. [sic] Straube or his wife, Elaine C. Straube, in connection with such contract and as a result of the execution of any promissory note.
 

 “11. Whether the complaint in intervention states a cause of action. ’ ’
 

 The findings of fact closely follow the allegations contained in the complaint in intervention, and the court concludes that no injunction should issue, that plaintiffs in intervention were indispensable parties in the former action, that the failure to join and serve plaintiffs in intervention was an intentional, contrived and deliberate extrinsic fraud by Herman W. Straube and Elaine C. Straube upon the court in that case and upon plaintiffs in intervention, and the decree in said action dated November 21, 1958, should be set aside and declared to be void, a nullity, and of no force and effect whatsoever ; that the promissory note and deed of trust for $52,000 constitute a valid, lawful, subsisting and enforceable claim and obligation both in law and in equity and that the execution thereof was supported by proper consideration; that the amount due on the promissory note by reason of the deed of trust is a valid lien, charge and encumbrance upon the real property owned by Herman and Elaine; that there is due and payable the sum of $48,000, together with interest as claimed by the plaintiffs in intervention and that the bank is entitled to $2,500 in attorney’s fees and the beneficiaries to $8,000 in attorney’s fees.
 

 The judgment sets aside the previous decree in Tulare County action No. 51794, holds that the deed of trust is valid and a proper legal charge on the land owned by Herman and Elaine, that the plaintiffs and defendants in intervention owe $48,000, together with interest, $2,500 in attorney’s fees to the bank and $8,000 in attorney’s fees to the beneficiary.
 

 It would extend this opinion unduly to review in detail the vast mass of evidence, both oral and documentary. It is sufficient to state at this time that the evidence generally follows the allegations of the complaint in intervention.
 

 The appellants claim:
 

 (1) That the judgment in the former case in Tulare County is a bar to the proceedings in the instant suit. In this connection the appellants urge that the court improperly allowed the intervention; that the former judgment resulted in a valid
 
 *360
 
 decree in that the only necessary party defendant was the trustee bank; that the beneficiaries named in the trust deed were not indispensable parties; and that there was no fraud in connection with securing the former judgment;
 

 (2) That the court erred in denying the demand and request of the defendants in intervention for a jury trial of certain of the issues involved in the case and that therefore the judg-' ment must be reversed ;
 

 (3) That even granting for the sake of argument that the oral modifications of the trust deed were made as alleged in the complaint in intervention, the agreement on the part of William Straube was not carried out in that the preceding notes for $5,000, $21,000 and $26,000 were not ever canceled and that the trust deed and the note which it secured were therefore given without consideration and should be declared void;
 

 (4) That no consideration was given to Elaine Straube for the signing by her of the note and trust deed and that the finding that she contracted to execute those instruments was contrary to the evidence.
 

 The trial court based its holding that the judgment in the former action of
 
 Straube
 
 v.
 
 First National Bank of Los Angeles,
 
 No. 51794, is void upon two findings: first, Evelyn E. Straube, individually, and as executrix of the estate of William Straube, was an indispensable party to the suit; and second, the plaintiffs, Herman W. Straube and Elaine C. Straube, were guilty of extrinsic fraud in connection with that litigation. If either finding is properly supported by the law and the evidence, the judgment in that respect must be affirmed.
 

 We hold that in an action brought by trustors against the trustee of a deed of trust to declare the trust deed void for want of consideration, the beneficiaries are indispensable parties, and a judgment taken against the trustee alone is void and of no effect.
 

 It is true that section 369 of the Code of Civil Procedure authorizes the trustee of an express trust or a person expressly authorized by statute to institute and, by implication, to defend, an action without joining with him the persons for whose benefit the action is prosecuted or defended. That section has been applied in all stringency to a suit instituted by a stranger to the trust; it has been clearly held that in such circumstances the trustee alone may sue or defend without joining the beneficiary in the absence of collusion or conflicting interest on the part of the trustee. (See
 
 Watkins
 
 v.
 
 *361
 

 Bryant,
 
 91 Cal. 492 [27 P. 775];
 
 Johnson
 
 v.
 
 Curley,
 
 83 Cal.App. 627 [257 P. 163];
 
 Alexander
 
 v.
 
 Title Ins. & Trust Co.,
 
 48 Cal.App.2d 488 [119 P.2d 992];
 
 DeMota
 
 v.
 
 Superior Court,
 
 130 Cal.App.2d 58 [278 P.2d 537];
 
 Kerrison
 
 v.
 
 Stewart,
 
 93 U.S. 155 [23 L.Ed. 843].)
 

 But when the parties to a trust indenture are placed in a position of losing their basic rights in the trust through the bringing of a suit by one of the other parties to the trust agreement, the beneficiaries must be joined as indispensable parties. The rights of the beneficiaries here were vitally affected by the first action instituted by Herman W. Straube and Elaine C. Straube, and under our law they had to be joined as indispensable parties in the action. It is said in the leading case of
 
 Mitau
 
 v.
 
 Roddan,
 
 149 Cal. 1, 7 [84 P. 145, 6 L.R.A. N.S. 275]:
 

 “While it is true that by section 369 of the Code of Civil Procedure the trustees of an express trust may sue without joining with them the persons for whose benefit it is prosecuted, this section only applies to suits by the trustees, affecting the trust property or rights under it against strangers. It has no application where a suit is brought by the trustees which involves their relations with the beneficiaries, or which involves the relations of the beneficiaries between themselves. The code rule is simply the old equity rule, which recognizes the exception we have mentioned. The rule and the exception are stated in Story’s Equity Pleading (10th ed., p. 204, in note B), that ‘when a suit brought by a trustee to recover the trust property does not give rise to any conflict of interests between him and the
 
 cestui que trust,
 
 and does not involve an investigation as to their relations with each other, the
 
 cestui que trust
 
 are not necessary parties.’ To the same effect are
 
 Horsley
 
 v.
 
 Fawcett,
 
 11 Beav. 565;
 
 Boyden
 
 v.
 
 Partridge,
 
 2 Gray 190;
 
 Ashton
 
 v.
 
 Atlantic Bank,
 
 3 Allen 217;
 
 Swift
 
 v.
 
 Stebbins,
 
 4 Stew. & P. 447;
 
 Carey
 
 v.
 
 Brown,
 
 92 U.S. 172 [23 L.Ed. 469]. The court, in
 
 Carey
 
 v.
 
 Brown,
 
 92 U.S. 172, after declaring the general rule that all parties in interest were required to be joined, says: ‘To this rule there are several exceptions. One of them is that where the suit is brought by the trustee to recover the trust property, or to reduce it to possession, and in no wise affects his relations with the
 
 cestui que trust,
 
 it is unnecessary to make the latter parties.’ In
 
 Estate of Straut,
 
 126 N.Y. 212 [27 N.E. 259], in the matter there under consideration, it was held that the beneficiaries to the trust were not necessary parties, but it was further said that ‘if the purpose of the action had been,
 
 *362
 
 among other things, to determine the rights as between the beneficiaries themselves, or as between the trustees and the beneficiaries, then it would have been necessary to bring them in as parties. ’ This necessity of making all persons parties in actions under the trust, where the relations of the trustees and beneficiaries are in question, or rights of the beneficiaries as between themselves are involved, is, in effect, the rule laid down in this state in
 
 McPherson
 
 v.
 
 Parker,
 
 30 Cal. 455 [89 Am.Dec. 129], and in
 
 O’Connor
 
 v.
 
 Irvine,
 
 74 Cal. 444 [16 P. 236]. In view of these authorities, the claim of respondents that Mebius & Drescher were before the court by Mitau and Casey, their trustees, as effectual^ as if they had been directly brought in as parties to the suit, is untenable. ’ ’
 

 Following this basic rule,
 
 Hutchins
 
 v.
 
 Security Trust etc. Bank,
 
 208 Cal. 463, 467 [281 P. 1026, 65 A.L.R. 1059], observes : “It is manifest that in a controversy by one settler with the other settler and/or beneficiaries, the trustee is in no sense the representative of either faction. A trustee is given by statute the right to sue in execution of the powers conferred without joining beneficiaries as plaintiffs, but this applies only as against strangers to the instrument and has no application to suits by or against makers and beneficiaries thereunder involving the validity of the trust instrument.
 

 “This principle was carefully explained and section 369 of the Code of Civil Procedure interpreted in the case of
 
 Mitau
 
 v.
 
 Roddan,
 
 149 Cal. 1 [6 L.R.A. N.S. 275, 84 P. 145]. In fact, the identical point here involved was before us in the recent case of
 
 Lake
 
 v.
 
 Dowd,
 
 207 Cal. 290 [270 P. 212] (see 277 P. 1047), and the cause was reversed for failure of the court to order of its own motion, certain of the settlers, who were also beneficiaries, made parties to the action. This doctrine was again confirmed in
 
 Title Guarantee & Tr. Co.
 
 v.
 
 Henry et al., ante,
 
 p. 185 [280 P. 959]. No lack of interpleading, omission or negligence of the trustee will excuse this omission
 
 (O’Connor
 
 v.
 
 Irvine,
 
 74 Cal. 444 [16 P. 236];
 
 Lake
 
 v.
 
 Dowd, supra).
 
 The theory of this principle doubtless is that no decree should be entered affecting the rights of a party without giving him an opportunity to be heard and the negligence or failure of another will not justify his absence from the case.” (See also
 
 Delno
 
 v.
 
 Market Street Ry. Co.,
 
 63 Cal.App.2d 489, 499 [147 P.2d 67];
 
 De Olazabal
 
 v.
 
 Mix,
 
 24 Cal.App.2d 258, 260 [74 P.2d 787]; 54 Am.Jur., Trusts, § 593, pp. 458-459; 9 A.L.R.2d, p. 26.)
 

 In the circumstances, the beneficiaries under the trust deed
 
 *363
 
 were indispensable parties.
 
 (Bank of California
 
 v.
 
 Superior Court,
 
 16 Cal.2d 516 [106 P.2d 879];
 
 Thomson
 
 v.
 
 Talbert Drainage Dist.,
 
 168 Cal.App.2d 687, 689 [336 P.2d 174].) And, as this holding by the trial court was correct, it will be unnecessary to examine the additional finding that the defendants in intervention were guilty of extrinsic fraud.
 

 Appellants contend that the court erred in denying their motion to strike the complaint in intervention of Evelyn Straube, individually, and as representative of her father’s estate, in the present action. As the interveners were indispensable parties to the former case and their rights would be vitally affected by the continuance in full force and effect of the prior judgment, the argument made by the appellants is patently without merit. Once the interveners were admitted as parties to the suit, they had not only the right but the duty to state their position fully with respect to the deed of trust; to prevent multiplicity of actions, the trial court correctly took over all questions involved in the litigation
 
 (Silverman
 
 v.
 
 Greenberg,
 
 12 Cal.2d 252, 254 [83 P.2d 293];
 
 Becker
 
 v.
 
 Superior Court,
 
 151 Cal. 313, 316 [90 P. 689];
 
 Cook
 
 v.
 
 Winklepleck,
 
 16 Cal.App.2d Supp. 759, 764 [59 P.2d 463]) and proceeded to try all issues.
 

 The trial court erred in refusing to grant a jury trial of the legal issues involved in the case upon timely demand of the appellants, and for that reason the cause must be reversed in part. The fact that the complaint in intervention was cast generally in the form of a declaratory relief suit did not deprive the appellants of a right to a jury trial as to the legal issues involved. In
 
 Robinson
 
 v.
 
 Puls,
 
 28 Cal.2d 664, 665-666 [171 P.2d 430], it is said: “It is settled in this state that where legal and equitable issues are joined in the same action the parties are entitled to a jury trial on the legal issues.
 
 (Connell
 
 v.
 
 Bowes,
 
 19 Cal.2d 870 [122 P.2d 456];
 
 Crouser
 
 v.
 
 Boice,
 
 51 Cal.App.2d 198 [124 P.2d 358];
 
 Hutchason
 
 v.
 
 Marks,
 
 54 Cal.App.2d 113 [128 P.2d 573].) ”
 

 It is apparent from the review in this opinion of the pleadings, the pretrial conference order, the findings and the judgment in the case that the following legal questions were involved :
 

 (1) Whether the trust deed was amended by agreements made between the parties after its original execution and whether such oral modifications were fully executed.
 
 (Treadwell
 
 v.
 
 Nickel,
 
 194 Cal. 243, 258 [228 P. 25];
 
 Julian
 
 v,
 
 Gold,
 
 214 Cal. 74 [3 P,2d 1009].)
 

 
 *364
 
 (2) What amounts were due and payable under the trust deed and the modifications thereof by executed oral agreements, if any.
 

 (3) Whether the beneficiaries under the trust deed carried out and performed their part of the oral contracts, if any, by the cancellation and surrender of the three prior notes for $5,000, $21,000 and $26,000.
 

 (4) Whether Elaine C. Straube is liable on the contract or contracts modifying the original agreement by reason of the existence of an agency for her on the part of her husband, Herman Straube, or otherwise.
 

 (5) What, if any, attorney’s fees are due to the beneficiaries and to the trustee.
 

 As presumably there will be another trial before a jury on these issues, and additional or differing evidence may be introduced, it is unnecessary and unwise for this court to pass upon the other points raised by appellants on this appeal.
 

 The judgment, insofar as it determines that the plaintiffs are not entitled to an injunction and that the judgment is void in the former action of
 
 Straube
 
 v.
 
 Security First National Bank of Los Angeles,
 
 Tulare County No. 51794, is affirmed; the judgment is otherwise reversed for the reasons stated in the opinion, with directions to the trial court to grant the motion of defendants in intervention for a jury trial. Appellants, Herman W. Straube and Elaine C. Straube, shall recover their costs on appeal from plaintiffs in intervention, and respondent, Security First National Bank, shall recover its costs on appeal from plaintiffs.
 

 Brown, J., concurred.
 

 Stone, J., being disqualified, did not participate.
 

 The petition of the interveners and respondents for a hearing by the Supreme Court was denied August 22, 1962.