## THE PEOPLE v. STILLMAN.

An order refusing to issue a commission to take testimony, and an order refusing to change the place of trial, are not appealable orders, though they may be reviewed on appeal from the final judgment in the case.

APPEAL from the Court of Sessions of the County of San Francisco.

The defendant was indicted by the grand jury of the county of San Francisco for willfully, etc., appropriating to his own use certain moneys collected by him as assessor of that county. The defendant moved the Court for a change of venue, and for an order that a commission issue to take the deposition of a witness residing out of the State. The Court refusing to grant either order, the defendant appealed.

*George F. James* for Appellant.
No brief on file.

*W. T. Wallace, Attorney-General,* for Respondents.
The appeal is taken from an order refusing to send a commission out of the State to take testimony, and also an order refusing to change the place of trial of the indictment.

The appeal is premature; the law allows appeals in criminal cases to this Court to be taken only when judgment is rendered. Acts '54, p. 29, § 21. And upon looking at § 21, p. 741, Comp. Laws, (to which the former cited statute is an amendment) it will be found that the provision cutting off appeals in cases of intermediate orders before final judgment is *ex industria.*

Here there is no judgment against Stillman—there may never be one. It will be time enough to complain when there shall be one. The appeal ought to be dismissed.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This appeal is prosecuted from an order of the Court below refusing to issue a commission to take testimony, and from an order refusing to change the place of trial

Neither of them are appealable orders under the statute as it now stands, although they may be reviewed on an appeal from the final judgment in the case.

Appeal dismissed.