THE PEOPLE *ex rel.* MEMINGER *v.* WARREN T. SEX-TON, JUDGE OF THE SECOND JUDICIAL DISTRICT.

ORDER CHANGING VENUE OF ACTION. — Although the affidavit upon which the application to change the venue of an action is made may not show any legal cause for such change, still, if the Court grants the application it has acted judi-

The People *v.* Warren T. Sexton.

cially upon a matter within its cognizance, and where it was clothed with a dis-
cretion, and by the order the place of trial becomes changed.

SAME—HOW CORRECTED, IF ERRONEOUS. — Mandamus will not lie to compel a
Court to proceed with the trial of an action after an order has been made chang-
ing the place of trial. The remedy, if an injury is sustained, is by an appeal
from the final judgment.

WHEN WRIT OF MANDATE WILL BE ISSUED. — A writ of mandate will be granted
to compel a subordinate tribunal to perform a duty enjoined by law, and which
it refuses to perform ; but when the act to be done is judicial or discretionary,
the writ will not direct what decision shall be made, nor will it be granted after
the inferior tribunal has acted for the purpose of reviewing the legality of its
decision.

APPEAL from the Second Judicial District, Butte County.

The facts are stated in the opinion of the Court.

*Geo. Cadwalader*, for Relator.

The question is a plain one, and is, "Had the District Judge
either the right or power to change place of trial ?"

If he had, of course that ends the matter—while if he had
not, we are entitled to a direction from this Court to the Judge
below to proceed with the cause, notwithstanding his illegal
order, which, per force, he would set aside in the exercise of a
more legitimate power than that used by him in granting it.

There is no question of discretion in this case, because the
Judge declares that the defendant had failed to bring himself
within the statute, and we urge that a mistaken notion of
delicacy is not either a cause for a change of venue, or a
reason why a plaintiff should incur the expense and delay
incident to a trial out of his county.

We do not understand that it is possible to review this order
on appeal after judgment, or that if we could, it would afford
us adequate relief.

Mandamus lies when the remedy by appeal is not plain,
speedy, and adequate.

We may, at the trial in the new county, get judgment for
the amount which we claim, or we may get as much as we
think the law warrants, or as much as we could get on a
retrial.

In the first event, we would not appeal, nor in the second ; or suppose the defendant should satisfy the claim just before the trial in the new county, no appeal would lie.

The fact is, that there is no remedy but that of mandamus to compel the observance of plaintiff's right, and I have not seen any case that decides to the contrary.

The cases cited upon the brief of opposite counsel do not touch the point.   (7 Cal. 253.)

The life of the objectionable order in this cause was attacked when we moved the Court below to disregard it.   It has no more foundation in law than if a Judge, having the power to punish a litigant for contempt by a limited fine or imprisonment, should order him hung ; all that could be said against such an order applies to the order in this cause ; in one case the Judge would exceed his statutory authority, and so it would be in the other.

These questions of venue at common law always went to the jurisdiction.   (1 Chitty's Pleadings, 284 ; 12 Wendell, 51, 265 ; 6 Hill, 475.)

*H. H. Hartley*, for Respondent.

By the Court, CURREY, J.

An action was commenced in November, 1863, in the District Court in and for the County of Butte, by L. Meminger, plaintiff, against Joseph Gluckauf, defendant, for the recovery of a debt of about two thousand dollars.   The plaintiff has applied by petition to this Court for a writ of mandamus to be directed to the Judge of said District Court, commanding him to proceed to the trial of said action, in its order, in the County of Butte.   The petition shows that the action was commenced and the Court acquired jurisdiction of the parties in the mode provided by law, and that, after an issue of fact was joined in the suit, at a term of the District Court held in said county, in December, 1863, the defendant applied to the Court, on an affidavit, to change the place of the trial of

the action from the County of Butte to some adjoining district, on the ground that he could not obtain a fair and impartial trial in said county, because the plaintiff and others, conspiring together " to prejudice the public mind in Butte County against him" respecting the matters in issue joined between the parties, had been busily circulating a report in such county, which he deemed injurious and prejudicial to his interests and safety as a litigant in said District Court; and because, second, to the best of his opinion and belief, he could not have a fair and impartial trial of said cause before the Judge of said District Court, either on questions of law or fact, on account of the bias and prejudice of the Judge against the defendant. The Judge held the affidavit on which the defendant based his motion for the change of the place of trial to be insufficient, and, after stating that he was not conscious of any bias or prejudice, or of any reason or fact on which the defendant could predicate such an opinion or belief, decided that under the circumstances of the imputation thus made, though general in terms, he was unwilling to try the cause, and, therefore, granted the motion and ordered the place of trial changed from the District Court for Butte County to the District Court for the County of Yuba.

The order changing the place of trial having been made, the plaintiff, by his attorney, requested the Court to set the cause for trial; whereupon the Judge thereof refused to comply with the request, and declared that he would not try the cause then nor at any other time. To the decision granting the order changing the place of trial, and to the refusal of the Judge to try the cause, the plaintiff duly excepted.

The facts here stated are set forth in the petition and papers thereunto annexed, as a part thereof.

Upon this state of facts and circumstances the question is directly presented :

Is the petitioner entitled to the writ for which he prays ?

It is provided by statute that the writ of mandamus may be issued to any inferior tribunal, corporation, board, or person,

to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; and that the writ shall be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law.   (Practice Act, sections 467 and 468.)

The duty of a District Judge to proceed with the trial of causes pending in his Court is a duty resulting from the office which he holds; and whenever it appears that he refuses so to do, it is not to be doubted that this Court possesses the power to require him, by mandamus, to proceed to the performance of such duty.   But the exercise of this jurisdiction depends upon conditions which must be found to exist in every case before the Court will issue its mandate.   If the subordinate officer or tribunal has refused to perform a positive duty resulting from his office, or by some act equivalent to a refusal has manifested such an intention, it becomes the duty of this Court, upon proper application, to issue its mandate to compel the performance of such duty, provided there is not open to the party aggrieved a plain, speedy, and adequate remedy in the due course of law.

In the matter before us it is necessary to determine, in the first instance, whether or not the action above entitled was pending in the District Court for Butte County when the defendant presented to this Court his petition; for if the action had then been transferred by lawful authority to Yuba County for trial, it follows that the Judge against whom the writ of mandamus is sought is under no duty to try such action.   This seems to be conceded on the part of the petitioner; but it is argued that the order changing the place of trial was not warranted by the proof of any facts whatever as cause for the change; and that, therefore, the order was a nullity, leaving the action still pending in the District Court where it was commenced. This position is for the petitioner a necessity, as a surrender of it would be an abandonment of his application.   It may be admitted that the defendant in the action did not by his affidavit show any cause for a change of the place of trial,

and still it does not result from this that the Court had not the power to grant the change upon the defendant's application.

In making the order changing the venue, the Court acted judicially upon a matter within its cognizance. By this order, the place of the trial of the action became changed from Butte to Yuba County. If, thereby, error intervened, to the peti-. tioner's injury, it cannot be corrected by means of the writ of mandamus. (*The People* v. *The Judges of Duchess County*, 20 Wend. 658.)

In *Chase* v. *Blackstone Canal Company*, 10 Pick. 244, the plaintiff applied for a mandamus to County Commissioners, to require them to allow him certain legal costs, to which he was entitled, upon an assessment of damages to his land by reason of the construction of a reservoir to the Blackstone Canal. The Court denied the application, holding, in effect, that when an inferior tribunal had acted in a judicial capacity upon a question properly before it, its determination could not be disturbed by means of the writ of mandamus. In that case the Court said : " The writ lies either to compel a subordinate judicial tribunal to exercise their functions and render some judgment in cases before them, when otherwise there would be a failure of justice from delay or refusal to act. But when the act to be done is judicial or discretionary, the Court will not direct what decision shall be made."

In the case of *The King* v. *The Justices of Monmouthshire*, 7 Dowl. & Ryl. 334, a petition was made to the Court of King's Bench for a mandamus to the Justices of Monmouthshire to compel them to enter continuances and hear and determine an appeal which the Justices, being equally divided in opinion on one trial, had failed to decide ; and having thus disagreed, an application was made to them to continue the case until the next sessions. The Justices refused to grant the continuances, but instead thereof quashed the appeal. Abbott, C. J., with whom Justices Bayley and Holroyd agreed, refused the application for a mandamus, saying :

" When the sessions forbear to give any judgment at all, this Court will interpose to compel them to go on and pronounce judgment; but when they have actually given judgment, even under a consideration of law, this Court has never yet interposed to disturb their decision. In form, this is an application to enter continuances and hear and determine the appeal; but it is in substance an application to expunge the proceedings which the Justices have already taken." (See, also, the following authorities: 18 Wend. 89; 1 Denio, 645; 3 Binney, 273; 5 id. 103; 5 Hosted, 58; 2 Bibb, 573.)

The writ of mandamus, which, under our statute, may be directed to a subordinate judicial tribunal to compel performance of a duty enjoined by law, is like the writ of *procedendo ad judicium* at common law, which issued out of the Court of Chancery, commanding, in the name of the sovereign, the Judges who failed to give judgment in any suit before them, when it was their duty so to do, to proceed to judgment. But the command was not to give any particular judgment; for that, if erroneous, could be set aside in the course of appeal, or by writ of error, or false judgment. (1 Black. Com. 109.)

If the Court should grant the writ in this case, it would, in effect, be a reversal of the order granted changing the place of trial, or the expunging of the order, as a judicial proceeding, from the records where it is entered. This we cannot do. The defendant, upon an affidavit, made in the action of which the Court below had jurisdiction, applied for a change of the place of the trial of the cause. The application being made, it was the duty of the Court to hear, consider, and decide it. This duty the Court performed, and in so doing acted judicially. If, by the decision made, the plaintiff in the case sustained injury, the remedy for it is, in legal contemplation, plain, speedy, and adequate, by appeal after final judgment. (*People* v. *Stillman*, 7 Cal. 117; *De Barry* v. *Lambert*, 10 Cal. 503.)

The application for a writ of mandamus must be denied.