[Sac. No. 1473.   Department Two.—September 26, 1907.]

## PEOPLE'S DITCH COMPANY et al., Appellants, v. FRESNO CANAL AND IRRIGATION COMPANY et al., Respondents.

WATER-RIGHTS—AGREEMENT TO SETTLE CONFLICT—DECREE.—In an action to quiet title and settle conflicting claims to the waters of a stream, where all the parties have entered into an agreement wherein they undertook to settle and adjust their differences and respective claims to the use of the waters and stipulated for a decree to be entered in conformity with the agreement, the court is only empowered to enter a decree strictly in accordance with the agreement and cannot embody therein extraneous matters not covered by the agreement.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Bradley & Farnsworth, for Appellants.

Frank H. Short, and F. E. Cook, for Respondents.

HENSHAW, J.—This was an action to quiet title and settle
conflicting claims to the use of the waters of Kings River.
The Laguna de Tache Rancho is riparian to this stream. The
ownership of the lands of the rancho was at the time of the
agreement between the parties hereinafter to be considered
in the defendant Fresno Canal and Irrigation Company.
Another of the defendants, the Laguna Lands Limited, is the
successor in interest of the Fresno Canal and Irrigation Com-
pany in and to these lands. At the time of the trial the
parties to the litigation presented and filed their stipulation
and agreement, wherein they undertook to settle and adjust
their differences and respective claims to the use of the waters
of the river. Plaintiffs are users of water in location lower
upon the stream than defendants. They are referred to, and
for convenience may be referred to, as the "lower ditch com-
panies." The defendants are upper appropriators. One of
the defendants, it is to be borne in mind, is also the owner of
the Laguna de Tache lands. The agreement between the
parties recited that the intention of the parties was to obtain
a judgment pursuant to the agreement, fixing and determin-
ing the right of all the parties in reference to the right to the
flow, use, and diversion of the waters of Kings River. With
numerous other provisions relative to the accomplishment of
this object, it provided that the Fresno Canal and Irrigation
Company could divert the first one hundred cubic feet of
water per second; that the lower ditch companies might then
divert three hundred and thirty-nine cubic feet per second;
thereafter, the Fresno Canal Company could divert the next
one hundred cubic feet per second; then the lower ditch
companies might divert certain additional water, after which
the Fresno Canal Company had the right to divert the
remainder of the water without limitation. As to the rights
of the riparian lands of the Laguna de Tache grant, which
lands at the time of this agreement, it will be remembered,
were owned by the Fresno Canal and Irrigation Company,
the clause of the agreement applicable to it is as follows:
"It is understood and agreed that nothing in this agreement

shall be taken to waive the right of the Laguna de Tache Rancho to the first 30 cubic feet of water flowing per second in said river for use upon said grant.''

The court was asked to enter a decree in accordance with this agreement. It did so, and the decree is unassailed, saving in one particular. Plaintiffs proposed, as a form of decree embodying their construction of the language of the agreement last above quoted, a declaration in the precise form of the agreement to the effect that ''Nothing in this decree shall be taken to waive the right of the Laguna de Tache Rancho to the first 30 cubic feet of water flowing per second in said river for use upon said Laguna de Tache Rancho,'' and adding thereto the following, ''which said 30 cubic feet of water per second shall at all times be allowed to flow down for said Laguna de Tache Rancho in addition to the water which is to be allowed to flow down said river for said plaintiffs as aforesaid.'' The defendants objected to the insertion of this added clause in the decree. The trial court ruled with them, and embodied in its decree the exact language of the agreement and nothing more. From the court's refusal to enter the decree as they desired plaintiffs appeal. The point of the controversy is, of course, apparent. The Laguna de Tache Rancho is situated below the points of diversion of the defendants, one of whom owns the rancho, and its appurtenant water-rights. The plaintiffs, who are lower users and appropriators, desire to have the first thirty cubic feet of water allowed to flow down the river, presumptively for use upon the rancho, but, in case it be not so used, to become subject to their use at their lower points of diversion. It is, upon the other hand, insisted that the clause which plaintiffs sought to have inserted as a construction of the agreement is not within its terms and meaning, and therefore was properly rejected by the trial court. In this we think respondents are correct. The court was empowered to do nothing more than to frame a decree in accordance with the agreement. If the agreement was not full enough to dispose of all conflicting claims and rights, it was not proper for the court, under the circumstances, and when called upon merely to enter a decree in accordance with the agreement, to have supplemented that decree by the insertion of extraneous matters—matters which were not covered by the convention of the parties. It is apparent that the attempt

of plaintiffs is to convert a declaration in the negative into a positive order. The agreement goes no further than to say that nothing in its language shall be taken as a waiver of the right of the rancho to the first thirty cubic feet of water. It is sought to transform this negative declaration into a positive order that this water be allowed to flow down to the rancho. The owner of the rancho is not asking this, and indeed upon this appeal is opposing it. So far as the owner of the rancho is concerned, its riparian rights are fully protected when the first thirty cubic feet of water for use upon said grant is permitted to flow when and as the use of the rancho requires it. No other person, and certainly no one wholly disconnected and not at all in privity with the rancho, has any cause of complaint. And finally, if the stipulation presented to the court, and upon which the decree was entered, does not fully express the intention of the parties, that is a matter for correction by appropriate action, and not, as is here sought to be done, by having the decree say something other and more than the agreement pronounces.

The decree appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.