[Civ. No. 913.   Third Appellate District.—January 27, 1912.]

## DAVID E. JAQUES, · Appellant, v. O. N. OWENS, Respondent.

VENUE—CHANGE OF PLACE OF TRIAL—RESIDENCE OF DEFENDANT—IN-SUFFICIENT AFFIDAVIT—PROPER AMENDMENT.—Where the defendant made a proper demand to change the place of trial of an action to the county of his residence, but the affidavit was insufficient in merely stating his residence as of the time of making the affidavit, the court did not abuse its discretion in allowing him to amend the affidavit by stating his residence at the time of the commencement of the action and ever since.

ID.—POWER OF COURT TO ALLOW AMENDMENT UNDER SECTION 473—LIBERAL CONSTRUCTION—RELATION BACK TO ORIGINAL.—The court had the power to allow the amendment to the affidavit under section 473 of the Code of Civil Procedure, which is to be liberally construed, with a view to promote justice. The amended affidavit when allowed, related back to the time of the filing of the original affidavit; and it then furnished information upon the ground of the motion for a change of the place of trial, and supplied sufficient evidence to warrant the order granting it.

ID.—PRESENCE OF PARTIES IN COURT AT TIME OF MOTION UPON AMENDED AFFIDAVIT—AMENDED NOTICE NOT REQUIRED.—The parties being in court when the amended affidavit was allowed, and the motion thereupon was heard, no amended or additional notice of the motion was required.

ID.—FORMAL NOTICE OF MOTION NOT NECESSARY—REGULATION UNDER RULES OF COURT.—The statute does not require formal notice of the motion to change the place of trial. When the demand and application with demurrer were served and filed, the plaintiff had due notice of the application. Any additional notice would be regulated or determined by the rules of the court. The "motion" is the formal application in court for the order, in its regular course of procedure; and the court, in such regular course, has jurisdiction to hear and determine the motion.

APPEAL from an order of the Superior Court of San Joaquin County, changing the place of trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellant.

John F. Davis, for Respondent.

BURNETT, J.—This is an appeal from an order changing the place of trial. At the time of serving and filing his demurrer to the complaint, the defendant served upon plaintiff and filed a notice of motion for a change of venue, on the ground of his residence, together with an affidavit of merits and a demand in writing that the trial be had in the proper county. At the time and place specified in the notice the plaintiff appeared and opposed the demand and motion. The original affidavit of the defendant contained the clause: "I am the defendant in said action, and I reside in the city and county of San Francisco." At the beginning of the hearing the court, over the objection of plaintiff, permitted the defendant to serve upon plaintiff and file an amended affidavit containing, in place of the last-quoted clause, the following: "I am the defendant in said action, and at the commencement of this action resided, ever since have resided, and I now reside in the city and county of San Francisco, State of California." It is apparent that the first affidavit was defective in its failure to aver that defendant resided in San Francisco *at the time of the commencement of the action.* By the amendment this omission was supplied, and the sole question is whether the court rightly exercised its authority in permitting said amended affidavit to be filed.

Section 396 of the Code of Civil Procedure provides that "if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein unless the defendant, at the time he answers or demurs, files an affidavit of merits and demands in writing that the trial be had in the proper county." As pointed out by respondent, two jurisdictional pleadings are therefore required to secure a change of the place of trial, to wit: A *demand in writing* and an *affidavit of merits.* The demand was in proper form and no objection was made to it. That the court has the discretion to allow the affidavit of merits to be amended has been directly determined in *Palmer & Rey* v. *Barclay,* 92 Cal. 199, [28 Pac. 226], and *Pittman*

v. *Carstenbrook,* 11 Cal. App. 224, [104 Pac. 699]. In the former it is said that, "Under section 473 of the Code of Civil Procedure, which is to be liberally construed, with a view to promote justice, the trial court has power, in the exercise of its discretion, to allow an insufficient affidavit of merits, which has been filed in due time upon a motion to change the place of trial of an action, to be amended after the time for filing the original affidavit has expired, and the filing of the amended affidavit relates back to the time of the filing of the original affidavit." There can be no contention here that the court abused its discretion in any way in allowing the amendment. The amendment simply supplied what was manifestly omitted from the original affidavit by inadvertence and no injury was done to appellant. There was no counter-affidavit and no attempt made by plaintiff to show that the residence of defendant was otherwise than as claimed by him.

As far as the notice of the motion is concerned, the amended affidavit, as held in the Barclay case, *supra,* related back to the time of filing the original affidavit and thus furnished information of the ground of the motion and supplied sufficient evidence to warrant the order granting it. Since the parties were in court, it would, of course, have been idle to require an amended or additional notice to be given of the motion. Indeed, the statute requires no formal notice beyond the demand and the affidavit of merits. The only purpose to be subserved by any other notice would be, to give information of the time when the application would be heard. This would be regulated or determined according to the rules of the court. When the said demand and affidavit with the demurrer were served and filed, the plaintiff had due notice of the application and the court acquired jurisdiction to hear, in the regular course of procedure, the demand of defendant to have the place of trial changed. It is true that section 397 of the Code of Civil Procedure contemplates that the order of the court shall be made "on motion," but the basis for the motion, as we have seen, is the demand and affidavit of merits. The "motion" is obviously the formal application in court for the order.

We find nothing in any of the cases cited by appellant opposed to the foregoing view of the situation. There seems to be no consideration of substantial justice that requires a reversal of the order, and it is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.