[Civ. No. 1196.   Second Appellate District.—July 18, 1912.]

## AMERICAN WELL & PROSPECTING COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF KERN COUNTY and PAUL W. BENNETT, Judge, Respondents.

ATTACHMENT FOR DEBT—STATUTORY PROCEDURE—MOTION TO INCREASE UNDERTAKING—DENIAL IN GENERAL TERMS—QUESTION OF FACT—DISCRETION—MANDAMUS.—In an action to recover money, where the plaintiff sued out a writ of attachment, and gave an undertaking in the sum of $200, as required by the clerk, in conformity with the provisions of section 539 of the Code of Civil Procedure, and after the levy of the writ the defendant appeared and moved the court to increase the amount of the undertaking, and such motion was denied in general terms, it is held that the question presented by such motion was one of fact, calling for the exercise of judicial discretion, and that *mandamus* will not lie, in such case, to control the discretion of the court.

ID.—QUESTION OF JURISDICTION ON PETITION FOR WRIT—SUFFICIENCY OF PETITION—EFFECTS OF AVERMENTS AND DECISION.—Where the petition for the writ of mandate alleged that the court denied the motion to increase the undertaking on attachment on the ground that it had no jurisdiction to change the sum fixed by the clerk, it is insufficient to justify the writ. If the court did not have jurisdiction to hear the motion on its merits, the petitioner was not entitled to the writ. On the other hand, if the court had jurisdiction to hear the motion on its merits, its order, being general and that of a court of general jurisdiction, imports absolute verity, and the import of the language denying it cannot be contradicted, or qualified or limited in the proceeding for the writ.

ID.—OPINION OF COURT ON ORDER DENYING MOTION NO PART OF DECISION—DUTY OF COURT.—The averment that the court, in its order denying the motion for an increased bond, stated that it had no jurisdiction to change the amount of the bond as fixed by the clerk, cannot have the effect to make such expression of opinion, if made, any part of the decision of the court in denying the motion in general terms. If, as matter of fact, its decision was expressed to be made on that ground, as alleged, the court should have refused to hear the motion, and dismissed it, or otherwise stated that it was based upon want of jurisdiction.

PETITION for writ of mandate to the Superior Court of Kern County.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

19 Cal. App.—32

George E. Whitaker, T. N. Harvey, and Hunsaker & Britt, for Petitioner.

Claflin & Owen, for Respondents.

SHAW, J.—The matter is presented upon a demurrer to the petition. It appears that the Midway Syndicate, Limited, brought an action against petitioner in the superior court of Kern county for the recovery of money. In aid of its action plaintiff sued out a writ of attachment and, as required by the clerk of the court, gave an undertaking in the sum of $200, all in conformity with the provisions of section 539 of the Code of Civil Procedure. The writ was placed in the hands of the sheriff, who, by virtue thereof and as instructed by plaintiff, levied the same upon two rotary oil-drilling rigs belonging to petitioner, the defendant in said action. Thereafter, pursuant to notice, petitioner moved the court for an order increasing the amount of the undertaking from $200 to $30,000, the ground therefor being that the sum of $200 specified in the undertaking was inadequate to compensate defendant therein for damages which would be sustained by reason of the levy so made upon the property of petitioner. In support of the motion petitioner offered the files and records of the case and an affidavit tending to show the inadequacy of the undertaking, in that petitioner was then engaged as a contractor in the business of drilling oil wells; that he had no other drilling outfits in Kern county than those attached; and that by reason of being deprived of the use of the drilling rigs so levied upon he would be unable to perform certain contracts, which fact would entail a loss to him in the sum of $20,000, and that possibly he would be subjected to damage suits for breach of contract. Upon a hearing of the motion the court made an order in general terms denying the same.

The question presented by the motion was one of fact, calling for an exercise of judicial discretion on the part of the court in deciding the same. The law is well settled that in such case *mandamus* will not lie to control the action of the court. Nor do we understand that petitioner controverts this proposition. Its contention is that the court did not decide the matter upon its merits, but held that the court was without jurisdiction to pass upon the question. This contention

is based upon an allegation of the petition "that his [petitioner's] aforesaid application was not considered or denied by the court on its merits, but that said order was so made and entered for the reason that, in the opinion of the court, under the law, the action of the clerk in fixing the amount of the undertaking and accepting it was final and not subject to review by the court, and that the clerk having fixed said undertaking at $200 and accepted the same, the court had no authority, under the law, to require the plaintiff in said action to give an additional or increased undertaking." But, as stated, the order was general, made in response to the motion, and assuming, as claimed by petitioner, that the court had jurisdiction, it was made upon the merits; and being that of a court of general jurisdiction it imports absolute verity. The plain import of its language cannot be contradicted, nor its effect qualified or limited in the manner here proposed in a proceeding of this character. As is frequently said, the opinion of the court, expressed from the bench in deciding a case, is no part of its decision.

In denying the writ, we do so upon the assumption, without so deciding (such decision not being necessary to a determination of the case), that the court had jurisdiction to hear the motion upon its merits. If it did not have jurisdiction, clearly petitioner is not entitled to the writ. On the contrary, if it possessed jurisdiction, the order shows that its determination was made upon the merits. If, as a matter of fact, the action of the court was had and taken upon the ground of want of jurisdiction, as alleged in the petition, then it should have refused to hear the motion and dismissed it, or, in other appropriate language, stated that the action was based upon want of jurisdiction.

The application for the writ is denied.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1912.