No. 18,952.

THE STATE OF KANSAS, *Appellee,* v. STEPHEN POLFER, *Appellant.*

No. 18,961.

THE STATE OF KANSAS, *Appellee,* v. STEPHEN POLFER, *Appellant.*

SYLLABUS BY THE COURT.

MAINTAINING NUISANCE—*Violation of Injunction—Contempt— Evidence.* The evidence in each of these cases examined, and held sufficient to support a judgment of the trial court finding the defendant guilty of maintaining a nuisance in violation of a permanent injunction against certain premises where intoxicating liquors were found.

Appeals from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed March 7, 1914. Affirmed.

*Dennis Jones,* and *Benjamin F. Endres,* both of Leavenworth, for the appellant.

*John S. Dawson,* attorney-general, and *James B. Kelsey,* county attorney, for the appellee; *James P. Coleman,* and *W. P. Montgomery,* both of Topeka, of counsel.

The opinion of the court was delivered by

PORTER, J.: Accusations were filed charging the defendant with the violation of permanent injunctions issued against certain premises under the prohibitory

liquor law.  The trial court found him guilty of contempt, and the only contention raised by the appeals is, that in neither case was there evidence to sustain the judgment.

While the evidence connecting the defendant with the premises where the liquors were found was circumstantial, we think it was sufficient to support the judgments.  In one case the sheriff and deputies who raided the premises testified that the defendant was in charge of the place; that he at once telephoned to one Bishop to bring the key to the frame building where two cases of beer were found.  Bishop, who was accused jointly with the defendant, testified that he held a revenue license for the sale of liquor in the frame building.  There were some inconsistencies in the testimony of the witnesses for the defendant, but the trial court heard the evidence and had the opportunity of observing the appearance and the demeanor of the witnesses and his finding is conclusive.  In the other case the existence of the nuisance was likewise established beyond question; and the testimony of a number of witnesses showed that the defendant appeared to be in charge of the place.  The sheriff testified that the defendant was in the habit of going to the place as early as eight o'clock in the morning and remaining during the day and evening.  Several witnesses testified to his conduct at the time the raid was made, and we think there was sufficient evidence to warrant the court in finding that he was in charge of the premises where the nuisance existed.

There being some evidence to sustain the judgments, they will be affirmed.