[Civ. No. 3956. First Appellate District, Division Two.—September 20, 1921.]

JOHN DETELS et al., Appellants, v. MABEL LAWRENCE et al., Respondents.

[1] DISMISSAL OF ACTION—FAILURE TO PAY TRANSFER FEES—APPEAL —NATURE OF ACTION — PROPRIETY OF TRANSFER— MATTERS NOT REVIEWABLE.—An action is properly dismissed under section 581b of the Code of Civil Procedure where the plaintiff fails to pay the fees required by such section within one year after the transfer of the action, and the nature of the action and the propriety of the transfer cannot be considered upon an appeal from such an order of dismissal, since such matters are reviewable on appeal from the order transferring the action.

APPEAL from an order of the Superior Court of Marin County dismissing an action. Edward I. Butler, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. C. Pistolesi for Appellants.

S. Laz Lansburgh and S. Joseph Theisen for Respondents.

LANGDON, P. J.—This is an appeal from an order of the superior court of Marin County, dismissing the action on motion of defendants under the provisions of section 581b of the Code of Civil Procedure.

The action was originally commenced in the city and county of San Francisco, from which county it was transferred to the court in Marin County. The transfer was made upon the motion of the defendants, based upon their residence in the county of Marin. Appellants admit that they did not pay the fees required by section 581b of the Code of Civil Procedure for more than one year after the transfer of the action. Their position upon appeal is that the order of the superior court of the city and county of San Francisco transferring said action was erroneous, for the reason that the action involves title to real property part of which is situated in the city and county of San Francisco. The complaint also prays for personal judgments against certain defendants, residents of Marin County. [1] However, the nature of the action and the propriety of its transfer are not matters for our consideration upon this appeal. The order transferring the cause was an appealable order. (Code Civ. Proc., sec. 963.) No appeal was taken from this order and the same has become final. The superior court of Marin County acted upon this final determination, and properly dismissed the action under the provision of the code section above referred to. The provisions of said section are mandatory. (*Davis* v. *Superior Court*, 184 Cal. 691, [195 Pac. 390].)

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.