[S. F. No. 18410.   In Bank.   Sept. 28, 1951.]

JUNEAU SPRUCE CORPORATION (a Corporation), Respondent, v. INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION (an Unincorporated Association) et al., Appellants.

Gladstein, Andersen, Resner & Leonard, George R. Andersen and Lloyd E. McMurray for Appellants.

Thelen, Marrin, Johnson & Bridges and Gordon Johnson for Respondent.

EDMONDS, J.—By an action commenced in Marin County, Juneau Spruce Corporation is suing International Longshoremen's and Warehousemen's Union and International Longshoremen's and Warehousemen's Union, Local No. 16, both unincorporated associations, upon a foreign judgment. The union's appeal from an order denying a change of venue presents only the question as to whether its rights in this regard are to be determined by the rules of law applicable to a corporation or is the residence of the association's members the controlling factor.

The timely motion of I.L.W.U. to transfer the action to San Francisco was made upon the grounds that the association maintains its sole place of business there and it is being sued upon an alleged obligation which the complaint does not charge was either incurred or to be performed in Marin County. By supporting affidavit, it is averred that the I.L.W.U. is a resident of San Francisco and that Local 16 of the union does not maintain an office anywhere in California, nor does any member of Local 16 reside in California.

The corporation's affidavit in opposition to the motion states that I.L.W.U. "is an unincorporated association consisting of several thousand members residing throughout the State of California." Upon information and belief, it is alleged that over two hundred of the members reside in Marin County. The names and addresses in Marin County of two of them were given.

The association made no denial of the facts which were presented by the creditor, as to the residence of its members. The motion was denied and the appeal is from that order.

Article XII, section 16, of the Constitution provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; *or in the county where the principal place of business of such corporation is situated,* subject to the power of the court to change the place of trial as in other cases." The I.L.W.U. contends that the italicized phrase applies to both corporations and unincorporated associations. In any event, it asserts, an association of the type of a labor union should be treated as a corporation. The respondent argues that the latter portion of the constitutional provision applies solely to a corporation and relies upon section 395 of the Code of Civil Procedure which fixes venue in the county in which the defendants, or some of them, reside at the time of the commencement of the action.

The I.L.W.U. takes the position that the venue of an action, not sounding in tort, against an association is controlled by the constitutional provision and not by the Code of Civil Procedure; venue in the county where a defendant resides can be had only in an action against an individual. The present action, it says, is in the nature of one upon a contract and the only proper place for trial, under the provisions of the Constitution, is the county of the association's principal place of business. Furthermore, according to the I.L.W.U., the action is solely against the association, binding only the joint property of the associates. No individual is sought to be held liable and there is no logical reason for the residence of an individual member to control the place of venue.

The respondent corporation, on the other hand, argues with compelling logic that (1) unincorporated associations are not regarded as entities for venue or other procedural purposes in the absence of a specific statutory provision; (2) article XII, section 16, of the Constitution recognizes that an unincorporated association does not have a residence for venue

purposes; and (3) the constitutional provision should not be interpreted contrary to its obvious meaning and without regard to the fact that its provisions are permissive rather than mandatory.

The decisions of this state have not declared an unincorporated association to be a jural entity for the purposes of venue. Obviously, the first four clauses of the constitutional provision apply to both corporations and associations, but it is conceded by the parties to this appeal that none of those clauses is here applicable. The fifth clause, which the I.L.W.U. contends is controlling, speaks only of "such corporation." No mention is made of the principal place of business of an unincorporated association, and there is reason to believe that this omission was deliberate.

Prior to the adoption of section 16, article XII of the Constitution, venue in transitory actions was determined by the residence of the defendant in accordance with section 395 of the Code of Civil Procedure. When a partnership or an association was sued, the residence of its members controlled venue. The enactment of section 16 added four places of venue for a transitory action against either a corporation or an association; namely, where the contract is made, where it is to be performed, where the liability or obligation arises, and where the breach occurs. A fifth place of venue was added in the case of "such corporation" which was and is required by law to maintain a principal place of business. (Cal. Const., art. XII, § 14, repealed in 1930. But Corp. Code, § 301, requires the articles of incorporation to state the county in California where the principal office for the transaction of the business of the corporation is located.) No principal place of business being required by law for an unincorporated association, it seems clear that the word association was deliberately omitted in the provision for a fifth place of venue.

In this state an unincorporated association is not recognized as a jural entity for all procedural purposes. The general rule is that the entity theory is rejected except where specifically provided for by statute. For example, persons associated in business under a common name may be sued under that name. (Code Civ. Proc., § 388; *Jardine* v. *Superior Court*, 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291].) However, it does not follow that the association may be regarded as an entity for all other purposes. ". . . this statutory relaxation of the common law applies only to associated defendants.

Associated plaintiffs still must sue in their individual names. . . .'' (*Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, 602 [220 P.2d 912].)

*Artana* v. *San Jose Scavenger Co.*, 181 Cal. 627, 629 [185 P. 850], is relied upon by the I.L.W.U. in support of its argument that an association is a jural entity for procedural purposes. However, that case holds only that an association is a legal entity distinct from its members for the purpose of section 388 of the Code of Civil Procedure permitting it to be sued in its common name. The plain language of the opinion so limits the decision. The same may be said as to *Jardine* v. *Superior Court, supra.*

In *Sperry Products* v. *Association of American R. R.*, 132 F.2d 408, 411 [145 A.L.R. 694], the court said: ''Thus, for most purposes the law still looks at such associations as mere aggregations of individuals. Since, however, for the purpose of suit it has come to regard them as jural entities, we can see no reason why that doctrine should not be applied consistently to other procedural incidents than service of process, and venue is one of such incidents. Certainly that promotes simplicity. . . .'' The discussion in the Sperry case, as argued by the I.L.W.U. is persuasive, but persuasive only for legislative or constitutional change. Contrary to the existing law in California, the Federal Rules of Civil Procedure permit a partnership or unincorporated association to sue as well as be sued in its common name (rule 17b), and process may be served in the same manner as upon a corporation (rule 4d, 3). Under section 388 of the Code of Civil Procedure process in an action against an association sued in its common name must be served on ''one or more of the associates.'' The different procedures in the two jurisdictions are too great to regard the Sperry case as being other than a rational argument for a change in the existing law embodied in our statutes and Constitution.

The I.L.W.U. concedes that if it were organized for ordinary business purposes, it would not be entitled to a change of venue. But it asks for special consideration and the benefit of the law of venue applicable to corporations because it is a labor organization. There is no logical or legal basis under either common or statutory law for making such a distinction.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence J., concurred.