[Civ. No. 22982.   Second Dist., Div. Two.   June 20, 1958.]

CAL-REX MACHINERY SALES (a Corporation), Respondent, v. VALLEY MATERIALS COMPANY (an Unincorporated Association), Appellant.

Wallace & Wallace for Appellant.

Iverson & Hogoboom for Respondent.

FOX, P. J.—This is an appeal by Valley Materials Company from an order denying its motion for a change of venue.

Valley Materials Company (hereinafter referred to as defendant) is an unincorporated association of nine individuals doing business under a fictitious firm name. (See Code Civ. Proc., § 388.) Service was made upon John B. Allen, who is the only member of the association residing in California. There was no other service of process.

The complaint is in two counts: the first count is based on two written contracts made and to be performed at Los Angeles; the second count alleges an account stated. Defendant's motion for a change of venue was based upon the affidavit of Allen, who asserted that he resides in San Mateo County and therefore demanded that the case be transferred to that county. Allen denied that any account was ever stated between plaintiff and defendant in Los Angeles County or elsewhere. The second count of the complaint does not allege where the account was stated or where it was to be paid. Plaintiff's affidavit in opposition to the motion, however, asserted that "said account stated was payable at the office of plaintiff, 7601 Telegraph Road, Los Angeles 22, California."

The sole question on this appeal is whether the trial court erred in denying defendant's motion for change of venue.

If a defendant is entitled to a change of venue on one contractual cause of action, the change must be granted regardless of the presence of other such causes of action in which he is not entitled to a change. (*Ward Mfg. Co.* v. *Miley,* 131 Cal.App.2d 603, 605 [281 P.2d 343], and cases cited therein.) Therefore even though venue under count one is

clearly proper in Los Angeles County, we must determine whether it is also proper as to count two.

■ The venue of unincorporated associations is governed by article XII, section 16, of the California Constitution. (See *Kendrick* v. *Diamond Creek Consolidated Gold Mining Co.*, 94 Cal. 137 [29 P. 324].) Under the provisions of that section such an association may be sued where the contract is made, where it is to be performed, where the liability or obligation arises, where the breach occurs, or where any of the members of the association reside. (*Juneau Spruce Corp.* v. *International Longshoremen's etc. Union*, 37 Cal.2d 760 [235 P.2d 607].)

■ Although it was not alleged in count two of the complaint where the account was stated nor where it was to be paid, plaintiff's affidavit stated that the account was payable (and thus performable) in Los Angeles. While defendant's affidavit contradicts this, the trial court has resolved this question of fact in plaintiff's favor, and its determination is binding on this court. The failure to make payment constituted a breach of the alleged contract (the account stated) in the county where payment was to be made. (See *Ivey* v. *Kern County Land Co.*, 115 Cal. 196; 202-203 [46 P. 926].) It is therefore apparent that the contract in count two was performable in Los Angeles County and was also breached there. It follows that venue was properly laid in Los Angeles County.

The order is affirmed.

Herndon, J., concurred.

Mr. Justice Ashburn, deeming himself disqualified, did not participate herein.