[Civ. No. 8541. Fourth Dist., Div. One. Feb. 28, 1967.]

LA MIRADA COMMUNITY HOSPITAL et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; RICHARD L. SIGGERS, Real Party in Interest.

Gilbert, Thompson & Kelly, Roger E. Kelly, Jean Wunderlich and E. W. Thompson for Petitioners.

No appearance for Respondent.

Archer Zamloch for Real Party in Interest.

BROWN (Gerald), P. J. — Dr. R. L. Siggers (Real Party in Interest) filed suit in the Superior Court of Orange County (Respondent) on June 26, 1964, against La Mirada Community Hospital, a corporation, and a copartnership doing business under the same name (Petitioners) for breach of contract.

The corporation and the individual defendants comprising the copartnership demurred and moved for change of venue to Los Angeles County. The grounds for the motion were:

"That the co-partnership doing business under the fictitious firm name and style of La Mirada Community Hospital and Ralph C. Opperman, individually and doing business as La Mirada Community Hospital, are residents of Los Angeles County, that the defendant La Mirada Community Hospital is a corporation, and that said co-partnership, and said corporation, have their principal place of business in the County of Los Angeles and the contract referred to in plaintiff's complaint was made and executed and is performable in the County of Los Angeles, State of California."

Noteworthy is the lack of any statement respecting the residence of the individual defendants forming the copartnership, or a claim the action was not properly commenced in Orange County. Also noteworthy is the fact the residence and place of business grounds of the motion refer to the residence and place of business at the time of the motion rather than at the time the action was commenced.

In late January 1965, it was stipulated: ". . . that the Motion for Change of Venue . . . may be granted and that the case may be transferred to the Superior Court of the State of California for the County of Los Angeles . . . ." On February 5, 1965, the Orange County Superior Court transferred the action to the Superior Court of Los Angeles County by a minute entry reciting: "Upon reading the Stipulation between the parties to the above entitled action that the venue thereof may be transferred . . . It is ordered . . . the . . . action . . . is . . . transferred . . . upon the payment of the proper transfer fee."

On July 6, 1966, petitioners moved in the Superior Court of Orange County to dismiss the action under Code of Civil Procedure, section 581b. The court denied the motion to dismiss, finding that some of the defendants resided in Orange County when suit was begun. Petitioners now seek a writ of mandate compelling dismissal of the action.

█ It is a long established rule that a motion for change of venue must satisfy two requirements: (1) It must be shown the action is proper in the county to which the movant seeks transfer; and (2) it must be shown the county in which the action was filed was improper under any applicable theory (*Hearne* v. *De Young*, 111 Cal. 373 [43 P. 1108]). The second requirement was not satisfied here.

█ California Constitution, article XII, section 16, specifies the proper county for commencement of actions against a corporation to be "the county where the contract is made or is to be performed, or where the obligation or liability arises, or . . . breach occurs; or . . . the county [of the corporation's] principal place of business. . . ." This section does not apply to an unincorporated association, such as a partnership which, for the purpose of venue, is not a legal entity and does not have a place of residence. (*Juneau etc. Corp.* v. *International Longshoremen's etc. Union,* 37 Cal.2d 760, 763 [235 P.2d 607].) A suit against a partnership is commenced properly in any county where any of the partners reside. (*Juneau etc. Corp.* v. *International Longshoremen's etc. Union, supra,* 37 Cal.2d 760, 763; *Cal-Rex Mach. Sales* v. *Valley Materials,* 161 Cal.App.2d 504, 506 [326 P.2d 889].) Where a corporation and individuals as copartners are joined as defendants the action is commenced properly in the county in which any of the defendants is a resident. (*McClung* v. *Watt,* 190 Cal. 155, 158-159 [211 P. 17]; *Delno* v. *Market Street Ry. Co.,* 63 Cal.App.2d 489, 500 [147 P.2d 67]; *Aisbett* v. *Paradise Mt. Min. etc. Co.,* 21 Cal.App. 267, 269 [131 P. 330]; see also *Brady* v. *The Times-Mirror Co.,* 106 Cal. 56, 58 [39 P. 209], and *cf. Dillman* v. *Superior Court,* 205 Cal.App. 2d 769, 772 [23 Cal.Rptr. 498].)

█ In the case at bench, neither the motion nor the declaration in its support asserted that none of the individual partnership defendants resided in the County of Orange. Absent any such showing, the motion had no merit. (*Monogram Co.* v. *Kingsley,* 38 Cal.2d 28, 30-31 [237 P.2d 265]; *Goossen* v. *Clifton,* 75 Cal.App.2d 44, 50 [170 P.2d 104].)

█ The burden is on the defendant moving for a change of venue to show the action was not brought in the proper county. (*Pacific Bal Industries* v. *Northern Timber, Inc.,* 118 Cal.App.2d 815, 826 [259 P.2d 465].) █ Where the action is against several defendants and the residence of some of them is shown to be outside the county in which it was

commenced, e.g., the corporation in the case at bench, it is presumed the other defendants were residents of the county where the action was commenced. (*Aisbett* v. *Paradise Mt. Min. etc. Co., supra,* 21 Cal.App. 267, 268.) ■ As a consequence, even if the court granted the instant motion, and its order in doing so implied the existence of the grounds upon which the motion was based, it would not establish the action was not commenced in the proper county because of the failure of any showing that none of the individual partnership defendants resided in the County of Orange. The fact all of the defendants joined in the motion to transfer did not establish the action had not been commenced in the proper county, or that it should be transferred. (*Independent Iron Works, Inc.* v. *American President Lines, Ltd.,* 35 Cal.2d 858, 860 [221 P.2d 939]; *McClung* v. *Watt, supra,* 190 Cal. 155, 159.)

Only one conclusion, therefore, can be made from the order transferring the action to Los Angeles County: It was not based on the grounds set out in the motion, but rather on the stipulation by the parties agreeing to the transfer. Stated another way, no determination was made by respondent on the question of venue, since the court made its order based on the stipulation.

■ Code of Civil Procedure, section 581b, states in part: "No action heretofore . . . commenced, *where the same was not originally commenced in the proper court,* and which has been ordered transferred to the proper court, shall be further prosecuted . . . until the fees and costs of the transfer thereof . . . have been paid, *as provided in Section 399 of this code*; and all such actions heretofore commenced must be dismissed by the court . . . where [such] costs and fees . . . have not been so paid for one year after entry of the order for transfer." (Italics added.)

Section 581b applies only to situations where transfer fees "as provided by Section 399 of this code" have not been paid. Section 399 applies only in those instances where the order for change of venue is based on one of the grounds designated in Code of Civil Procedure, title 4, part 2 (§§ 392-401). An order for change of venue based on a stipulation that a transfer be made is not based on one of the grounds so designated. Likewise, an order changing venue upon grounds such as those specified in petitioner's motion, as heretofore noted, is not based on any code designated ground.

Furthermore, by its language, section 581b applies only where the action was not originally commenced in the proper court. Upon the motion to dismiss the court decided to the contrary. The issue had not been determined previously and necessarily had to be determined at that time.

Petitioners contend California Constitution, article XII, section 16, *supra,* is controlling; that the real party in interest did not bring suit in the proper county, and for that reason the court must dismiss the case pursuant to Code of Civil Procedure, section 581b.

Code of Civil Procedure, section 395, states in part:

"(1) In all other cases . . . the county in which the defendants *or some of them,* reside at the commencement of the action, is the proper county for the trial of the action." (Italics added.)

Here there were many individual defendants, apart from the corporate defendant. Some of them were residents of Orange County when the action was commenced. That being true, the Superior Court of Orange County was a proper court in which to bring suit. (*Dillman* v. *Superior Court, supra,* 205 Cal.App.2d 769, 772.)

The order denying the motion to dismiss was proper.

Writ denied.

Coughlin, J., concurred.

WHELAN, J.—I dissent.

The motion of the petitioners for change of place of trial clearly was made upon the ground that Orange County was not the proper county for the commencement of the action; that Los Angeles County was the proper county. The affidavit alleged that both the defendant corporation and the defendant copartnership had their principal place of business in Los Angeles County. The notice of motion was supported by a citation of section 395, Code of Civil Procedure. The stipulation of the parties was that the motion "may be granted." That fact should be determinative of this proceeding. Section 399, Code of Civil Procedure, places upon the plaintiff the obligation to pay the costs of transfer:

"When the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper by the provisions of this title, . . ."

Section 581b requires that the action be dismissed if within one year the fees have not been paid as provided in section 399.

Incidentally involved is the question whether the court making the order of transfer based upon a stipulation that the motion for change of venue be granted may later pass upon the merits of the motion for change of venue to determine whether the action was commenced in the proper court.

In passing upon petitioners' motion to dismiss, the court considered certain affidavits prepared for that occasion intended to show that certain individual defendants allegedly members of the defendant partnership were resident in Orange County.

The process seems to have been for the court to say that had petitioners' motion for change of venue been opposed, the court should and would have denied the motion; and from that first step to move on to say that since a court well-informed in the law, dealing with equally well-informed counsel opposing each other, would have denied the motion for change of venue made upon the ground of petitioners' residence in another county, the order transferring the case upon stipulation could not have been made upon the ground of petitioners' residence in another county; and, indeed, that counsel for petitioners would not have been so ill-informed as to have based his motion upon such ground, nor counsel for plaintiffs to have stipulated to granting such motion.

The following four cases, however, show that courts do not always act as being well-informed in the law, and that counsel are not always well-informed.

In each of those four cases, the affidavits in support of a motion for change of venue were insufficient as to the grounds upon which the motion was made but nevertheless the motion was granted: *Maxwell* v. *Perkins,* 116 Cal.App.2d 752 [255 P.2d 10]; *Detels* v. *Lawrence,* 54 Cal.App. 275 [201 P. 608]; *Tarman* v. *Sherwin,* 189 Cal.App.2d 49 [10 Cal.Rptr. 787, 85 A.L.R.2d 989]; *People* v. *Sexton,* 24 Cal. 78.

Thus in *Maxwell* v. *Perkins, supra,* 116 Cal.App.2d 752, the affidavits did not negate the non-residence in the county in which the action was brought of all defendants, two of whom in fact were resident therein. The subsequent attempt of the judge who signed the order of transfer to set it aside, because the motion should not have been granted, was held error.

In *Detels* v. *Lawrence, supra,* 54 Cal.App. 275, an order of dismissal under section 581b was sustained where an action brought in San Francisco County was ordered transferred

to Marin County, the place of residence of the defendants, although one cause of action involved title to real property part of which was in San Francisco County. No appeal having been taken from the order of transfer, the court, on appeal from the order of dismissal, said, at page 276:

". . . the nature of the action and the propriety of its transfer are not matters for our consideration upon this appeal."

In *People* v. *Sexton, supra,* 24 Cal. 78, 82-83, the court said:

"It may be admitted that the defendant in the action did not by his affidavit show any cause for a change of the place of trial, and still it does not result from this that the Court had not the power to grant the change upon the defendant's application.

"In making the order changing the venue, the Court acted judicially upon a matter within its cognizance."

In *Tarman* v. *Sherwin, supra,* 189 Cal.App.2d 49, 53, the court said:

"We have also reviewed the affidavits filed on the previous motion. While they do not present a strong case for transfer, plaintiff made no attack upon the order granting change of venue. He did not move to vacate the order, as he might have done if grounds under Code of Civil Procedure, section 473, existed. (*Badella* v. *Miller,* 44 Cal.2d 81 [279 P.2d 729]) . . . . As a result, he cannot now attack that order and we must assume it to be sound."

Again, in *Gottesfeld* v. *Richmaid Ice Cream Co.,* 115 Cal. App.2d 854 [252 P.2d 973], the affidavits in support of the motion for change of venue did not negate the nonresidence of all defendants in the county in which the action was commenced; the moving party questioned whether a resident had been in good faith made a party. The presence of a resident defendant against whom the complaint states a cause of action is not conclusive, on a motion for change of venue based upon the residence in another county of the moving party, that the county in which the action was filed was the proper county. The court, in granting the motion, said, at page 860:

"This is a question for the trial court to determine from the face of the complaint and the affidavits submitted by the parties." See also *California Agency* v. *Fontana,* 61 Cal.App. 2d 648, 653 [143 P.2d 507], where it is said:

". . . the mere fact that a complaint states facts sufficient to impose a joint and several liability upon all defendants

including the resident defendant is not conclusive upon the hearing for a motion for change of venue when the motion is made upon the ground above stated.''

Leaving aside the question whether a stipulation between the parties, there having been no motion for change of venue, would have been sufficient for an order of transfer, it is clear that the stipulation and order here involved were not such a stipulation and not such an order.[1]

The fact that the order of transfer was based upon a stipulation that the motion for change of venue be granted does not eliminate the grounds upon which the change of venue was sought and the motion therefor made and granted.

In the action here involved the sufficiency of defendants' affidavits to establish that Los Angeles County was the proper county for trial of the action might possibly have been corrected had the granting of defendants' motion not been stipulated.

It is within the discretion of the court to permit an amendment of the affidavit of merits (*Jaques* v. *Owens*, 18 Cal.App. 114 [122 P. 430]) and of the affidavit of residence (*Gardner* v. *Steadman*, 31 Cal.App. 447, 449-450 [160 P. 834]).

''. . . the defendant could have amended the defective affidavits to make them conform to the legal requirements. . . .

''Where a procedural defect could be corrected in the trial court, and no objection is made in that court, it is generally held that the complaining party has waived his right to object . . . .

''. . . where a complaint fails to allege facts sufficient to deprive the defendant of his normal and important right to a trial in the county of his residence, and the defendant, by motion, calls this defect to the attention of the trial court, but fails to comply with all of the provisions of section 396b, and the plaintiff fails to object to this defective compliance in the trial court, the plaintiff must be deemed to have waived the defect, . . .'' (*Nanny* v. *Ruby Lighting Corp.*, 108 Cal. App.2d 856, 859-860 [239 P.2d 885].)

---

[1]There are dicta that the superior court has no power to change the place of trial of an action, except in the cases and for the causes provided by express law. (See *Gridley* v. *Fellows*, 166 Cal. 765, 768 [139 P. 355]; *McFarland* v. *Martin*, 144 Cal. 771, 774 [78 P. 239].) There are also dicta in support of a theory that an order for transfer may be made based upon the stipulation of the parties arrived at apart from any statutory grounds. (See *Wessel* v. *Superior Court*, 177 Cal. 308, 310 [170 P. 606]; *General Motors Accept. Corp.* v. *Codiga*, 62 Cal.App. 117, 119 [216 P. 383].)

It was said in *Westover* v. *Bridgford,* 25 Cal.App. 548, 549, 550 [144 P. 313] :

"Plaintiff claims that in order to entitle the defendants to a change of venue, under the provisions of that section of the code [§ 395], they should have stated in their notice the particular provision on which they relied as the ground of their motion.

". . . plaintiff, having appeared and contested the motion without raising this objection, must be deemed to have waived the claimed defect in the notice."

The same may be said of a plaintiff who, instead of contesting the motion, stipulates that it may be granted.

The stipulation for the granting of the motion eliminated the necessity of passing upon the merits of the motion.

"So long as the stipulation was not illegal nor contrary to public policy, it was the duty of the probate court to consider as finally settled all matters therein agreed to." (*Estate of Howe,* 88 Cal.App.2d 454, 458 [199 P.2d 59].)

The judgment of a court of competent jurisdiction entered upon a stipulation of the parties has the same effect as if the action had been tried on the merits. (*Guaranty Liquidating Corp.* v. *Board of Supervisors,* 22 Cal.App.2d 684, 686 [71 P.2d 931].)

A judgment based upon a stipulation should not say something other than what the stipulation provides. (*People's Ditch Co.* v. *Fresno etc. Co.,* 152 Cal. 87, 90 [92 P. 77].)

That the affidavits in support of the motion for change of venue might be insufficient is in this respect immaterial. Thus it has been held that a stipulation for a judgment in accordance with the prayer of a complaint waives a defect in matter of substance in the complaint. (*Pacific Paving Co.* v. *Vizelich,* 1 Cal.App. 281, 282-283 [82 P. 82].)

In construing the order of transfer, resort may be had to the notice of motion. (*Western Greyhound Lines* v. *Superior Court,* 165 Cal.App.2d 216, 219 [331 P.2d 793].)

Where a motion is based solely upon a certain ground, it can be granted upon no other ground. (*Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383, 389 [121 P.2d 829].)

Affidavits accompanying the notice of motion, or affidavits and points and authorities filed with the notice may be considered as amplification of grounds stated in the notice. (*Tarman* v. *Sherwin, supra,* 189 Cal.App.2d 49, 51, 52; 85 A.L.R.2d 989.)

An order in general terms made in response to a motion is made upon the merits if the court had jurisdiction to pass upon the merits. (*American Well etc. Co.* v. *Superior Court,* 19 Cal.App. 497, 499 [126 P. 497].)

The order denying petitioners' motion to dismiss is supportable only by the following questionable propositions:

1. That it was proper for the court, in deciding the motion to dismiss, to pass upon the merits of the motion for change of venue, which had not been ruled upon because the parties had stipulated the motion might be granted; and in passing upon the motion to dismiss, to consider affidavits as to the residence of certain defendants, prepared for the occasion, that had not been before the judge who made the order of transfer.

2. That because the order transferring the cause to Los Angeles County was based upon stipulation, it could not have the effect of an order granting a motion for change of venue to the proper county under section 395, Code of Civil Procedure.

3. That a stipulation that a motion be granted and an order made pursuant to the stipulation can be said to have been made on grounds other than those upon which the motion was made, when on their face the stipulation and order show no other grounds.

4. That a motion for change of venue showing that it is on the ground that a moving party's residence is in the county to which he asks the transfer be made is not upon the ground that such county is the proper county for trial under section 395, Code of Civil Procedure.

I would grant the petition.