[Civ. No. 40200. Second Dist., Div. Three. Jan. 24, 1973.]

HERBERT L. KNEETER, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
PACIFIC APARTMENTS, Real Party in Interest and Appellant.

## COUNSEL

Valensi & Rose and Lawrence F. Nelson, Jr., for Real Party in Interest and Appellant.

Sklar, Kornblum & Coben and David H. Kornblum for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**COBEY, Acting P. J.**—Pacific Apartments, a limited partnership and the real party in interest, appeals from a judgment directing the issuance of a peremptory writ of mandate ordering respondent clerk of respondent court (Municipal Court of the Los Angeles Judicial District) to transfer and transmit all pleadings and papers in the action in respondent court, designated as West Los Angeles No. 674 924, to the Superior Court in and for the County of Los Angeles. The appeal lies. (See Code Civ. Proc., §§ 1110, 904.1, subd. (a).)[1]

Pacific contends that respondent court should have been permitted to dismiss the cross-complaint in the action of petitioner (plaintiff), Herbert L. Kneeter, pursuant to section 581b[2] and Pacific's motion based thereon be-

---

[1] All references hereafter to code sections are to sections of the Code of Civil Procedure.

[2] Section 581b reads: "No action heretofore or hereafter commenced, *where the same was not originally commenced in the proper court*, and which has been ordered transferred to the proper court, shall be further prosecuted, and no further proceedings shall be had therein, until the fees and costs of the transfer thereof and of filing the papers in the court to which transferred have been paid, as provided in Section 399 of this code; and all such actions heretofore or hereafter commenced must be dis-

cause of petitioner's failure to pay the requisite transfer and filing fees within one year following entry of the transfer order of respondent court, as required by the statute and the order.[3] If the statute applies, such dismissal would appear to be mandatory. (See *Davis* v. *Superior Court,* 184 Cal. 691, 693 [195 P. 390]; *Western Greyhound* v. *Superior Court,* 165 Cal.App.2d 216, 218 [331 P.2d 793].) The superior court, however, took the view that the statute did not apply because (1) it did not cover the situation presented here—that of an action being commenced in a proper court which thereafter became improper by reason of an issue raised in a cross-complaint; (2) the statute had been so construed in *La Mirada Community Hospital* v. *Superior Court,* 249 Cal.App.2d 39, 43 [57 Cal.Rptr. 42]; (3) a plaintiff in a situation such as this could protect himself from unreasonable delay on the part of a cross-complainant in complying with an order to pay transfer and filing fees by paying them himself and then recovering them from his adversary by way of costs or setoff. (See § 399.)

◼ We agree with the superior court that section 581b applies only to transfers ordered pursuant to the first paragraph of section 396 and not to those, as here, ordered pursuant to its second paragraph.[4] Pacific argues

missed by the court in which the action or proceeding was originally commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the costs and fees of making up the transcript or papers or for transmission of the same to the clerk or judge of the court to which it is ordered transferred, or of filing the papers anew, have not been so paid for one year after the entry of the order for transfer." (Italics added.)

[3]Petitioner paid such fees to respondent clerk three days after the expiration of the year and immediately following receipt of service of Pacific's motion to dismiss petitioner's cross-complaint. Respondent clerk, however, has either returned these fees or arranged to do so. We understand the judgment on appeal as being impliedly conditioned upon petitioner's prior payment of the requisite fees.

Respondent court made its transfer order on its own motion because the cross-complaint raised an issue beyond its jurisdiction. The order itself contains no time limit on the payment of the transfer and filing fees by petitioner.

[4]These paragraphs in pertinent part read:

"If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in Section 581b, and as provided in subdivision 1 of Section 581 of this code) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter . . . .

. "If an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of juris-

that this interpretation runs contrary to that generally given the word "action" as inclusive of both an original action and a cross-action. This may be so. but we note that in section 581b, unlike section 583 (dismissal for lack of prosecution), the word "action" is not expressly so defined.

■ Normally litigation should be disposed of on its merits rather than on procedural grounds. (See *Denham* v. *Superior Court,* 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

The judgment is affirmed.

Schweitzer, J., and Allport. J., concurred.

---

diction appears, must suspend all further proceedings therein and transfer the action or proceeding . . . ."

It is to be noted that the first paragraph mentions section 581b. The second paragraph does not.

The superior court thought that a rational basis for this difference in coverage might well lie in the fact that the party causing the transfer under the first paragraph *chose* the wrong court, while the party causing it under the second paragraph did not.